### In re GREYHOUND LINES, INC. and the Greyhound Retirement and Disability Trust Fund, Petitioners.

### No. 79–2260.

United States Court of Appeals, Fifth Circuit.

June 22, 1979.

---

**884**

Shackleford, Farrior, Stallings & Evans, Mark P. Buell, Tampa, Fla., for petitioners.

Thomas D. Masterson, St. Petersburg, Fla., Bill Wagner, Tampa, Fla., for Thomas Rosencrants.

On Petition for Writ of Mandamus to the United States District Court for the Middle District of Florida.

Before CLARK, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

This cause comes to us on petition for mandamus to the district court, seeking vacation of a remand order. That order reads, in pertinent part:

This cause is before the Court upon Plaintiff's motion to remand this action to the Circuit Court of Pinellas County, Florida. Contemporaneously with his motion, Plaintiff filed a voluntary dismissal of any federal claim under 29 U.S.C. § 185 contained in the third amended complaint.

Although federal court jurisdiction is not ousted when the basis for federal jurisdiction is subsequently removed from the proceedings, *see Watkins v. Grover,* 508 F.2d 920 (9th Cir. 1974), the Court, in its discretion, may remand the non-federal claims to the state court. *Murphy v. Kodz,* 351 F.2d 163 (9th Cir. 1965).

Upon consideration therefore, the Court is of the opinion that this action should be, and it is hereby, REMANDED to the Circuit Court of Pinellas County, Florida, for all further proceedings.

■ The ground stated by the trial court is erroneous: "plaintiff cannot precipitate a remand of the action by amending the complaint to eliminate the federal claim." Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* § 3722, p. 570.[1]

■ It does not necessarily follow, however, that since this is error we are authorized to correct it. Our last major effort in such a line did not receive favorable reviews. *In re Southwestern Bell Telephone Co.,* 542 F.2d 297 (5th Cir. 1976) (en banc), *rev'd sub nom. Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). A panel decision since *Gravitt,* however, has considered its holdings and deduced from it the principle: "If the district judge affirmatively states a non–1447(c) ground for remand, mandamus

---

1. This flat statement of the commentator is supported by considerable authority. *E. g., Hazel Bishop, Inc. v. Perfemme, Inc.,* 314 F.2d 399 (2d Cir. 1963); *Brown v. Eastern States Corp.,* 181 F.2d 26 (4th Cir. 1950), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631. With all deference to the district court, we do not read *Kodz,* cited in its order, as being to the contrary: neither it nor any of the authorities cited in it as supporting a discretion to remand nonfederal claims concerned a voluntary tactical dismissal of the federal claims by plaintiff.

is appropriate; if he states that he relies on a 1447(c) ground, mandamus is not appropriate."[2]  *In re Merrimack Mutual Fire Insurance Co.,* 587 F.2d 642, 647 (5th Cir. 1978).  In that case the district court's order, while not referring to 1447(c) by number, stated one of its grounds, no jurisdiction; and we denied mandamus.  In this case, by contrast, the district court affirmatively noted that it *had* jurisdiction, continuing jurisdiction, but remanded anyhow in the exercise of a discretion it did not possess.  We think it "affirmatively state[d] a non–1447(c) ground for remand" and that we are empowered to issue the writ.  It is GRANTED.

---

**2.** 28 U.S.C. § 1447(c) provides for remand whenever, before final judgment, "it appears that the case was removed improvidently and without jurisdiction."  This is all.