**Stephen LAGA, M.D., Plaintiff,**

v.

**UNIVERSITY OF HEALTH SCIENCES/ THE CHICAGO MEDICAL SCHOOL, et al., Defendants.**

**No. 82 C 1013.**

United States District Court, N. D. Illinois, E. D.

May 12, 1982.

**24**

Joseph A. Terc, Kenneth Ingram Goldman, Chicago, Ill., for plaintiff.

Eric A. Oesterle, Alan S. Gilbert, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

SHADUR, District Judge.

Doctor Stephen Laga ("Laga") has sued University of Health Sciences/The Chicago Medical School and Dr. William Schumer in a five-count complaint, the first four counts of which assert state claims and the fifth of which claims under 42 U.S.C. § 1983 ("Section 1983"). Because of the Section 1983 claim defendants removed the action from the Circuit Court of Cook County (where Laga had filed suit) to this Court. Laga now seeks leave to dismiss Count V with prejudice, and defendants object.

No reason has been advanced by defendants for not permitting Laga to shape his own lawsuit. This case is in its earliest stages, and no considerations of judicial economy or any other cogent public policy require denial of Laga's motion.

That issue behind us, the question becomes what to do with the action itself. It is obvious that Laga's motion is intended to eliminate the one predicate for jurisdiction in this Court—a forum not chosen by him. Defendants respond by pointing to authorities that hold a plaintiff cannot force a *remand* of a properly-removed case by a tactical dismissal of the federal claims in a multi-claim action. *In re Greyhound Lines, Inc.*, 598 F.2d 883, 884 (5th Cir. 1979); *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399, 403–04 (2d Cir. 1963); *Brown v. Eastern States Corp.*, 181 F.2d 26, 28–29 (4th Cir.), *cert. denied*, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950).

Those cases (and the other authorities advanced by defendants) deal however only with the non-destruction of this Court's *jurisdiction* by elimination of the federal claim that served as the original predicate for acquiring such jurisdiction. After all, 28 U.S.C. § 1447(c) states limited grounds for remand ("removed improvidently and without jurisdiction"), and such elimination of federal claims is not one of them.

■ But what defendants fail or refuse to recognize is that this Court has the right to view the case in its modified posture to determine whether admitted jurisdiction—*power*—should be exercised over the pendent claims that are left. That is the teaching of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), which after stating "That power need not be exercised in every case in which it is found to exist," went on to say in language that might have been written for this case:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

Indeed the most recent case cited by defendants themselves, *In re Carter*, 618 F.2d 1093, 1104–05 (5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981) makes that precise point.

■ This Court exercises its discretion under *Gibbs* by dismissing the entire action (after elimination of Count V) without prejudice. It thus permits Laga to start again in the Circuit Court of Cook County, where he always expected to be, and where the state court can deal with wholly state-based claims.

Defendants argue that if this Court orders dismissal, it should impose as a condition Laga's payment of defendants' attorneys' fees. That contention is grounded on the notion that the removal papers and the federal pleadings they have filed will have to be superseded by state court pleadings, involving them in duplicative work. As this Court stated when that argument was first presented orally, it is totally unpersuasive, much like the apocryphal defendant,

charged with murdering his parents, who asked for mercy because he was an orphan.[1]

Count V is dismissed with prejudice, and the balance of this action is dismissed in its entirety without prejudice. Defendants' oral motion for the imposition of conditions on such dismissal is denied.

---

1. Laga's willingness to eliminate the federal claim confirms its low priority initially indicated by its inclusion as the final count in the Complaint. Indeed, were the situation reversed—with a plaintiff asserting a highly questionable federal claim as the basis for bringing dominant pendent claims into the federal court—this Court would have no hesitation in rejecting the pendent claims once the federal count had been disposed of as less than colorable.