**Marc AUSTWICK, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT # 113, COUNTY OF LAKE, a municipal corporation, and Karl R. Plath, Superintendent, Defendants.**

**No. 82 C 6641.**

United States District Court, N.D. Illinois, E.D.

Jan. 24, 1983.

Paul E. Hamer, Northbrook, Ill., for plaintiff.

Alan S. Gilbert, Bernard J. Nussbaum, Philip A. Haber, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Marc Austwick ("Austwick") brought this action against the Board of Education of Township High School District # 113, County of Lake ("defendant"), alleging that state and federal constitutional rights of Austwick and others similarly situated were violated by defendant's policy of permitting reduction of students' grades for unexcused absences and tardiness. The action was initially brought in Illinois state court but was removed to this Court by defendant. Subsequent to removal, plaintiff moved this Court to remand the action to state court on the ground that the Illinois Supreme Court had ruled on some aspects of a similar case and had remanded it to state trial court. By order of this Court dated November 24, 1982, plaintiff's motion was denied. The matter is presently before the Court on plaintiff's motion to amend his complaint and renewed motion to remand. Plaintiff first seeks to amend his complaint by voluntarily dismissing his federal claims,[1] and then moves to have the case remanded to the state court on the ground that with no federal questions in issue, the action is not removable under 28 U.S.C. § 1441.

---

1. Austwick's federal claims arise from the same course of conduct by the defendant as alleged in his state claims and are set forth in ¶ 8 of his original complaint:

> 8. That the acts of the defendants in ratifying the utilization of the regulations in question, deprive the plaintiffs, under color of state law, statute, ordinance, regulation, custom and useage [sic], the rights, privileges and immunities secured by the United States Constitution and the laws of the United States, viz., Sections 1983 and 1985 of Title 42 of the United States Code and Article 1, Section 10 of the Constitution and the 5th, 9th, 10th and 14th Amendments to the Constitution of the United States.

842

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, leave to amend shall be freely granted in the sound discretion of the trial court. Fed.R.Civ.P. 15(a). *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). We will therefore dismiss Austwick's federal claims and permit him to file an amended complaint that includes only state claims. To do otherwise would be to force plaintiff to litigate a federal claim which he now does not wish to litigate (and, of course, require defendant to defend a claim which plaintiff chooses not to pursue).

With his federal claims eliminated, plaintiff urges this Court to remand the cause to state court. In support of his motion, plaintiff points out that 28 U.S.C. § 1441(b) permits removal only of actions that could have originally been brought in federal court. Because the action now does not involve federal questions or diverse parties and consequently could not be brought as an original federal action, plaintiff reasons that the prior removal of the action was improper and should be "undone" by remand.

Defendant objects to remand as procedurally improper under 28 U.S.C. § 1447(c) and argues that plaintiff should not be permitted to send this case back to state court after he has caused its removal by raising federal claims in his complaint. Defendant further urges that if this Court chooses to dismiss the cause and thereby allow plaintiff to refile in state court, plaintiff's federal claims should be dismissed with prejudice, and defendants' costs and expenses should be assessed against plaintiff.

It is clear from the foregoing scenario that plaintiff's recent efforts have primarily been channelled in assuring that his claims are litigated in state court. His amendment was concededly engineered as a tactical maneuver to regain the forum he originally chose. The tools of removal and remand may not be manipulated so freely, however. An action, once removed, may be remanded only if there was no subject matter jurisdiction at the time removal was granted. 28 U.S.C. § 1447(c); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 341, 96 S.Ct. 584, 588–89, 46 L.Ed.2d 542 (1976). In *In re Greyhound Retirement and Disability Trust Fund,* 598 F.2d 883 (5th Cir.1979), Judge Gee noted that the district court does not have discretion to remand non-federal claims in a removed case where the motion to remand is predicated on a "voluntary tactical dismissal of the federal claims by plaintiff." *Id.* at 884, n. 1. "[P]laintiff cannot precipitate a remand of the action by amending the complaint to eliminate the federal claim." *Id.* at 884, *quoting* Wright, Miller and Cooper, 14 *Federal Practice and Procedure: Jurisdiction* § 3722 (1976). *See also Laga v. University of Health Sciences/The Chicago Medical School,* 542 F.Supp. 23, 24 (N.D.Ill. 1982).

The policy behind this rule is obvious. When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned. Removal of this action was proper when effected. Under 28 U.S.C. § 1447(c), plaintiff's motion to remand must be denied.

The case is left in a posture that evokes other, somewhat inconsistent judicial concern. Before this Court has been called upon to consider the merits of the action, the matter has been reduced to a dispute among Illinois parties involving only Illinois law. Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), we clearly have the power to retain jurisdiction over the state claims despite dismissal of the federal claims upon which removal jurisdiction was predicated. Yet as a judge of our Court

recently noted when faced with a situation closely analogous to the one at hand, *Gibbs* also cautions that "[t]hat power need not be exercised in every case in which it is found to exist." *Id.,* 383 U.S. at 726, 86 S.Ct. at 1139, *quoted in Laga, supra,* 542 F.Supp. at 24. The Court in *Gibbs* went on to explain:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.*

Consistent with the policy of *Gibbs,* we will dismiss plaintiff's remaining claims without prejudice. The action may be refiled and adjudicated in state court, a more appropriate forum for a purely state matter. Plaintiff may not, however, subvert the policy discussed above by refiling his federal claims in state court and thereby initiating more forum hopping. Plaintiff's federal claims will be dismissed with prejudice.

In summary, plaintiff is granted leave to file his amended complaint, and plaintiff's motion to remand is denied. Plaintiff's federal claims are dismissed with prejudice and his amended complaint of state claims is dismissed without prejudice.[2] It is so ordered.

---

**2.** If in fact plaintiff refiles the case in state court, we will retain jurisdiction in the event defendants file a motion for costs and expenses they have incurred on the grounds that the manipulation of the pleadings by plaintiff in this Court are subsequently determined to be an abuse of the administration of justice. Our jurisdiction is retained solely for this limited purpose.