Roger Lee COOK, Plaintiff-Appellee,

v.

Donald W. WEBER,
Defendant-Appellant.

No. 82–1342.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 14, 1982.
Decided Feb. 3, 1983.

James C. Cook, Walker & Williams, Belleville, Ill., for defendant-appellant.

Amiel Cueto, Belleville, Ill., for plaintiff-appellee.

Before PELL, BAUER, and WOOD, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff-appellee filed a nine count complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, against Debbie Frey, a private citizen, and Donald Weber, the State's Attorney for Madison County, seeking relief under both state law and 42 U.S.C. § 1983 for redress of injuries sustained when he was prosecuted in Madison County for rape. He alleges that Frey, the rape victim, and Weber conspired to prosecute him, even though they knew he was not guilty. The defendants subsequently sought removal under 28 U.S.C. § 1441.

The district court held that since the grounds under which the petition is filed are the § 1983 counts and since § 1983 is a law of the United States, the matter is removable without regard to the citizenship of the parties. However, the district court dismissed the § 1983 counts against defendant Weber, based on a prosecutor's absolute immunity from § 1983 suits. As to the remaining counts stating pendent state law claims, the court exercised its discretion in dismissing these claims without prejudice to the right to refile in state court.

I

Before addressing the merits of this appeal, it is necessary for us to address a challenge to our appellate jurisdiction raised by the appellee.

The appellee contends that the district court actions constituted the functional equivalent of a remand to the state court which is non-appealable under 28 U.S.C. § 1447(d).[1] We disagree with appellee's "functional equivalent" analysis. Remand is not the functional equivalent of a dismissal. There are crucial distinctions between both dispositions affecting the application of the statute of limitations, the priority of the case upon its return to the state court, and the appellate review of the district court's order itself. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (remand orders under Section 1447(c) are not reviewable by reason of Section 1447(d)); *see Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 581 n. 17 (N.D.Cal.1981). We think that the proper analysis is to ask whether the district court's "dismissal without prejudice" was the proper disposition, if it was, then the order is clearly appealable pursuant to 28 U.S.C. § 1291;[2] or, should the district court have "remanded" the

---

1. 28 U.S.C. § 1447(d) provides that:

     An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to Section 1443 of this title shall be reviewable by appeal or otherwise.

2. 28 U.S.C. § 1291 provides in part:

     The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court.

state claims, if so, then the order is clearly non-appealable pursuant to 28 U.S.C. § 1447(d). The court in *Salveson* stated that:

> [u]nless one were to accept authority to remand cases falling under neither Section 1441(c)[3] nor Section 1447(c)[4] as being within the district court's inherent power, developed as a part of federal common law, the courts in these cases would be limited to retaining jurisdiction of the State claims or dismissing them.
>
> The issue can be of substantial importance.... An authoritative clarification would be helpful to district courts.

*Id.* (footnotes added).

■ Removal jurisdiction is based entirely on statutes, which are to be strictly construed in keeping with congressional intent to limit the right of removal out of concern for state courts' independent jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). In keeping with and in effectuation of congressional policy as to removal we hold that the basis for remanding a removed case must be grounded on federal statutory authority. We believe that the crucial consequential distinctions, authorized by Congress, between remand and dismissal of removed cases, to which we referred above, militate in favor of our holding that remand of removed cases must be based on specific statutory authority.

Our holding that district courts' authority to remand removed cases is purely statutory, rather than based on inherent common law authority, will not leave district courts

without recourse in cases where the statute of limitations has run, and where remand, rather than dismissal without prejudice, would have avoided the time bar. While in these circumstances, lacking statutory authority, the district court will not be able to remand a removed case, the district court is not compelled to dismiss without prejudice. In exercise of its sound discretion the court may retain pendent jurisdiction of the state claim, even if the federal claim which served as the basis for removal was dismissed.[5] *General Investment Co. v. Lake Shore Ry.*, 260 U.S. 261, 288–89, 43 S.Ct. 106, 117–18, 67 L.Ed.2d 244 (1922). Plaintiffs in such circumstances cannot complain that they are forced to try what turns out to be a purely state law claim in federal court, since it was plaintiff's decision to contain a federal claim in the original complaint which enabled defendant to remove to federal court. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

■ Appellee does not cite any statute authorizing the district court to remand, rather than dismiss without prejudice, the state claims. This failure is understandable as we believe that none of the remand authorizing statutes are applicable in this case. Plaintiff's claims which are based on section 1983 are not "separate and independent claim[s] or cause[s] of action" from his claims which are based on state law. Plaintiff complains of a single wrong which arises out of a common nucleus of operative facts and therefore appellee cannot rely on 28 U.S.C. § 1441(c) which permits discretionary remand, which remand is unreviewable, of separate and independent claims not within the district court's original federal jurisdiction. *American Fire & Casual-*

---

**3.** 28 U.S.C. § 1441(c) provides that:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

**4.** 28 U.S.C. § 1447(c) provides that:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**5.** The decision to dismiss in such circumstances is subject to appellate review for abuse of discretion, pursuant to 28 U.S.C. § 1291.

*ty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). Neither can appellee rely on 28 U.S.C. § 1447(c) as authority for a remand, since this case was not removed improvidently and without jurisdiction, as is required to bring section 1447(c) into play.[6] Therefore, we believe that remand was not an available procedure; once the court exercised its discretion not to retain pendent jurisdiction over the state claim, it had to dismiss the state claim.

The district court's dismissal without prejudice is a final order subject to appellate review. As we stated recently:

> Pursuant to 28 U.S.C. § 1291, the Courts of Appeals are vested with "jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." This language has consistently been interpreted to indicate that the Courts of Appeals would ordinarily exercise jurisdiction only when there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"

*Freeman v. Kohl & Vick Machine Works,* 673 F.2d 196, 198 (7th Cir.1982) (citations omitted).

## II

Defendant-appellant Weber challenges the court's dismissal without prejudice of the pendent state law claims. Appellant argues that, since a state court may find him subject to liability under state law, allowing a state court to decide the state law claims would undermine the prosecutor's absolute immunity from section 1983 claims.

In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966), the Supreme Court emphasized that:

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's [or defendant's] right....
> [R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

Appellant misconceives the purpose and scope of the prosecutorial immunity from section 1983 suits. Section 1983 immunity is not designed to provide state prosecutors with a shield against liability founded on any and all federal and state statutes. The same considerations of comity, derived from recognition of state sovereignty, which delimit federal courts' removal and remand jurisdiction, see Part I *supra,* underlie our recognition of a state's prerogative in providing for a cause of action and delimiting the extent of liability of state prosecutors.

■ Where, as in this case, the federal claims are dismissed with prejudice at the pre-trial stage, we hold that a district court does not abuse its discretion in refusing to retain jurisdiction over the pendent state law claims. As the Supreme Court stated:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726, 86 S.Ct. at 1139 (footnotes omitted).

## III

For the foregoing reasons the district court judgment is affirmed.

---

**6.** This case was properly removed pursuant to 28 U.S.C. § 1441(a), which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.