**Mark KERRIN, Plaintiff,**

**v.**

**FEDERATED DEPARTMENT STORES, INC., d/b/a Rich's and Bruce A. Laderberg, Individually, Defendants.**

**Civ. A. No. C83–1177A.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 24, 1983.

Donald E. Loveless, Bauer, Deitch & Raines, Atlanta, Ga., for plaintiff.

Tommy T. Holland, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action, alleging that a black male was injured due to a department store employee's action, is before the court on a motion for voluntary dismissal without prejudice. Specifically, the complaint contains the following operative facts. Plaintiff, a black male, purchased a three-piece suit from Rich's Department Store. At the time of the purchase, the vest was not altered. About a week later, plaintiff returned to the same department store for the purpose of having the vest altered. After entering the clothing department, plaintiff put on the vest for the purpose of demonstrating the necessary alterations to the employees of the department store. While plaintiff was wearing the vest, de-

fendant Laderberg, an employee of the department store, walked up to the plaintiff and, in a loud, sarcastic tone of voice, berated plaintiff with abusive and humiliating words without any provocation from the plaintiff. Defendant Laderberg refused to order the alteration of the vest, insisting that prior to such an alteration plaintiff must have the vest dry-cleaned because of persons of plaintiff's race having an offensive body odor. The complaint is cast in three counts: (1) tortious misconduct, (2) intentional infliction of emotional distress, and (3) unlawful discrimination.

This action was filed in the Superior Court of Fulton County, Georgia, on May 2, 1983. On June 3, 1983, defendant filed a petition for removal to this court; petitioners argued that this action is one of which this court has original jurisdiction inasmuch as it involves a claim or right arising under the laws of the United States. On June 28, 1983, plaintiff filed a motion to remand, arguing that plaintiff's federal claim is not an essential element of his cause of action. This court denied plaintiff's motion. In an order filed on September 26, 1983, this court ruled that since a federal question is clearly presented in plaintiff's complaint in Count III and that since the federal claim is not asserted as part of a collateral issue, removal was proper and that therefore this court has jurisdiction over this lawsuit. On September 16, 1983, plaintiff filed a motion for voluntary dismissal, where plaintiff sought an order dismissing Count III, the federal question claim of the complaint, with prejudice and to remand this case to the Fulton County Superior Court. In the alternative, plaintiff sought an order dismissing the entire case without prejudice so plaintiff can refile the case in the Fulton County Superior Court without the federal question claim. On September 29, however, plaintiff filed a Withdrawal of Motion for Partial Voluntary Dismissal. Specifically, plaintiff "withdraws that portion of his Motion for Voluntary Dismissal, filed on September 15, 1983, which would dismiss only the federal question claim (Count III) and leaves intact his Motion for Voluntary Dismissal of the entire case, without prejudice." Accordingly, it appears that the effect of this most recent pleading is to present before the court a motion for voluntary dismissal by plaintiff without prejudice.

■ Fed.R.Civ.P. 41(a) speaks to voluntary dismissal of actions. Since plaintiff's motion has been opposed by the defendants in papers filed on October 18, 1983, the applicable rule is Fed.R.Civ.P. 41(a)(2), which provides in pertinent part as follows:

[A]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The "terms and conditions" clause of Rule 41(a)(2) allows a district court to evaluate a voluntary dismissal in terms of its fairness effect upon the defendant and to impose curative conditions on the dismissal if necessary. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir.1976). While in its opposition to plaintiff's motion for voluntary dismissal defendant fails to articulate any showing of "prejudice," defendant contends that plaintiff's conduct displays forum shopping, and that such amounts to an abuse of the judicial process.

■ Through an examination of the procedural history of this case, it can be reasonably assumed that plaintiff wishes to have his case tried in state rather than federal court. It appears that in this circuit, the law is that once a case has been properly removed, plaintiff cannot do anything to force a remand. In *In Re Greyhound Lines, Inc.*, 598 F.2d 883 (5th Cir. 1979), the Fifth Circuit found the decision of the district court as erroneous, where the district court remanded to the state court all further proceedings in the action when contemporaneously with plaintiff's motion to remand, plaintiff filed a voluntary dismissal of his federal claims. In so remanding, the district court reasoned as follows:

Although federal court jurisdiction is not ousted when the basis for federal jurisdiction is subsequently removed from

the proceedings, *see Watkins v. Grover,* 508 F.2d 920 (9th Cir.1974), the Court, in its discretion, may remand the non-federal claims to the state court. *Murphy v. Kodz,* 351 F.2d 163 (9th Cir.1965).

598 F.2d at 884. In finding the grounds stated by the district court as erroneous, the court of appeals stated: "Plaintiff cannot precipitate a remand of the action by amending the complaint to eliminate the federal claim." *Id.* Significantly, the court of appeals made a finding that plaintiff's dismissal of his federal claims was voluntary and tactical, *id.* n. 1, and noted that the motion for remand was based on 28 U.S.C. § 1447(c). In contrast to the situation presented in *In Re Greyhound Lines, Inc.,* is the case of *In Re Ben Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), where the Fifth Circuit held that when a subsequent narrowing of the issues excludes all federal claims, whether a pendent state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction. *Id.* at 1101. Given the procedural history of this action, the court finds that this case is more aligned to that presented in *In Re Greyhound Lines, Inc.*

Nevertheless, this court notes that in contrast to *In Re Greyhound Lines, Inc.,* this case is presented as a Rule 41 predicate rather than one pursuant to 28 U.S.C. § 1447(c). At least one district court has, as a practical matter, found this distinction as persuasive. In *Laga v. University of Health Sciences,* 542 F.Supp. 23 (N.D.Ill. 1982), the court had before it a five-count complaint, the first four counts of which asserted state claims and the fifth of which asserts a claim under 42 U.S.C. § 1983. That action was removed from the Circuit Court of Cook County by the defendants because of the § 1983 claim. In that case, the motion before the court was one to dismiss the § 1983 count with prejudice. The court, in rejecting defendants' argument that a plaintiff cannot force a remand of a properly removed case by a tactical dismissal of the federal claims in a multi-claim action, stated the following: "But what defendants fail or refuse to recognize

is that this Court has the right to view the case in its modified posture to determine whether admitted jurisdiction—*power* —should be exercised over the pendent claims that are left." *Id.* at 24. At least in this circuit, however, a following of the reasoning in *Laga* by this court would be to allow plaintiff to do through the back door what he could not do through the front door. In other words, if this court were to allow plaintiff under Rule 41 what he could not do under 28 U.S.C. § 1447(c), the policy behind the rule established in *In Re Greyhound Lines, Inc.,* would be circumvented.

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary, and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned. Removal of this action was proper when effectuated.

*Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983).

If plaintiff's ultimate aim is to refile this case in Fulton County Superior Court without the federal question claim, this court would be willing to dismiss his state claims without prejudice—but for the decision in *In Re Greyhound Lines, Inc.*—upon the following conditions: (a) Plaintiff must be willing to dismiss his federal claim with prejudice; and (b) plaintiff must be willing to pay costs that defendants have incurred since their filing of their petition for removal as a result of plaintiff's manipulation of his pleadings. Such a posture would be warranted under the authority of *Westchester Corp. v. Peat, Marwick, Mitchell & Co.,* 626 F.2d 1212 (5th Cir.1980), which holds that a district court has discretion to dismiss state pendent claims without prejudice when the federal claims are dismissed with

718

prejudice. The Fifth Circuit decision in *In Re Greyhound Lines, Inc.*, however, is controlling for two reasons, and therefore this court cannot adopt a *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), dismissal of the state claims without prejudice. First, as stated previously, the Fifth Circuit in *In Re Greyhound Lines, Inc.*, made a specific finding, like this case, that the plaintiff's dismissal of his federal claims was a voluntary tactical decision. Second, and somewhat inconsistent and anomalous in light of *Westchester Corp.* and *Gibbs*, the Fifth Circuit stated in *In Re Greyhound Lines, Inc.*: "[T]he district court affirmatively noted it *had* jurisdiction, continuing jurisdiction, but remanded anyhow in the exercise of a discretion it did not possess." 598 F.2d at 885 (emphasis in original). Apparently, the court linked the district court's lack of discretion with a plaintiff's doing anything to force a remand. As a result of the decision in *In Re Greyhound Lines, Inc.*, it appears that this court cannot make a *Gibbs* determination until at least a Rule 12(b) stage, where an evaluation of the federal claim can be made on the merits.

Accordingly, for the reasons set forth above, plaintiff's motion for a voluntary dismissal without prejudice is hereby DENIED.