In re ROMULUS COMMUNITY SCHOOLS, a Michigan Public School District, Romulus Community Schools Board of Education, a Michigan Public Body Corporate, and Daniel R. Bales, Kenneth E. Berlinn, Sandra F. Langley, Jo Ann Marvicson, Richard F. Campbell, Mary M. King, and Edward L. Wilkerson, (83–1374), Petitioners.

WAYNE COUNTY-MEA/NEA, and Mary Christine Powers, on behalf of themselves and as class representatives of all others similarly situated, Plaintiffs-Appellees,

v.

ROMULUS COMMUNITY SCHOOLS, a Michigan public school district, Romulus Community Schools Board of Education, a Michigan public body corporate, and Daniel R. Bales, Kenneth Berlinn, Sandra F. Langley, Jo Ann Marvicson, Richard F. Campbell, Mary M. King, and Edward L. Wilkerson, (83–1377), Defendants-Appellants.

Nos. 83–1374, 83–1377.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1983.

Decided March 7, 1984.

Thomas H. Schwarze, Terrence J. Miglio argued, Gary P. King, Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, Detroit, Mich., for defendants-appellants.

Eli Grier, Erwin B. Ellmann, Jay W. Tower, Harvey I. Wax argued, Levin, Levin, Garvett & Dill, Southfield, Mich., for plaintiffs-appellees.

Before KEITH and WELLFORD, Circuit Judges and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This case primarily presents difficult and unsettled issues regarding the authority of a federal district court to remand a properly removed case to state court for reasons not expressly established by statute. Our decision depends largely on our reading of *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), a case that is now the subject of varying interpretations among the circuits.

This case arose out of a class action filed by the Wayne County, Michigan MEA–NEA, a consolidated labor organization representing the teachers and certified personnel of the Romulus Community Schools, and Mary Christine Powers, president of the Wayne County MEA–NEA. The suit was filed in the Wayne County Circuit Court charging the defendants, the Romulus Community Schools, the Romulus Community Schools Board of Education, and the elected members of the Board, with improperly and unlawfully reducing the compensation of the plaintiff class. The plaintiffs alleged that in November 1982, following negotiations over renewal of plaintiffs' contract, the defendants unilaterally effected a 22 percent reduction in the plaintiffs' salaries.

The original complaint comprised four counts. The first count alleged that the reduction constituted a breach of the employment contract and an impairment of contract in violation of article I, section 10 of the Michigan Constitution of 1963. The second count charged that the reduction constituted the denial of a property right under the Teacher Tenure Act, MICH.COMP. LAWS ANN. § 38.91 and that such a denial without notice and hearing violated the procedural protections of the Teacher Tenure Act, MICH.COMP.LAWS ANN. §§ 38.101–104, and the due process clause of the fourteenth amendment. For the Constitutional deprivation, the plaintiffs sought relief under 42 U.S.C. § 1983 and attorney's fees

under 42 U.S.C. § 1988. In the third count the plaintiffs claimed that the alleged unilateral reduction in salary constituted a refusal to bargain in good faith in violation of provisions of the Public Employment Relations Act, MICH.COMP.LAWS ANN. §§ 423.209–210. In the fourth count the plaintiffs alleged that the defendants' financial mismanagement had created fiscal difficulties for the school system; the plaintiffs therefore sought a court-appointed receiver to provide additional relief for the plaintiff class.

The defendants properly filed a petition for removal to the U.S. District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(a), (b), and so removed the case. Shortly thereafter, the plaintiffs filed a motion in federal district court to amend their complaint by striking the federal claim in count two which had formed the only basis for removal. The plaintiffs also moved to remand the case, after the amendment, to state court. The plaintiffs maintained that the case turned on unresolved issues of state law that should be heard in the first instance by a state court. The defendants opposed both motions, arguing that the plaintiffs sought to dismiss the federal claim merely to defeat the district court's jurisdiction. The defendants also objected to dismissal of the federal claim without notice to class members as required by Rule 23(e), FED.R.CIV.P.

Following arguments on the motions, the district court issued a memorandum opinion and order dismissing the federal claim without prejudice and remanding the case to state court. The court noted its broad discretion to permit amendments under FED.R.CIV.P. 15(a) and characterized the federal claim as one that "they [the plaintiffs] are not really interested in pursuing." The court added: "We do not believe that plaintiffs should be penalized for carelessly pleading a federal claim under which they

cannot really obtain the relief they seek." The court noted that the elimination of the federal claim did not divest the court of its jurisdiction over the case. "We recognize that under the doctrine of pendent jurisdiction, we may still retain jurisdiction over plaintiffs' remaining state claims. Nevertheless, we will exercise our discretion, and remand the state claims."

The court's exercise of its perceived discretion to remand the case was based on its reading of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Following the reasoning in *Gibbs* that federal courts should avoid deciding issues of state law if federal claims are dismissed before trial, the district court found that "overriding state interests" and considerations of comity required a remand to state court. Regarding the defendants' objection that class members were not notified of the dismissal of the federal claim, the court ruled that notice was not required because the class had not been certified. The court also found that the "defendants should not bear the cost of this remand contest and may move separately for their costs and attorney fees."

Following the court's order allowing withdrawal of the federal claim and the remand, the defendants sought an immediate appeal by moving for certification and entry of final judgment under Rule 54(b), FED.R.CIV.P. or for a determination under 28 U.S.C. § 1292(b) that the order involved a "controlling question of law" and could be appealed albeit an interlocutory decision.[1] The defendants filed a notice of appeal of that portion of the order so permitting the plaintiffs to amend their complaint. The defendants also petitioned this court for a writ of mandamus to prevent the remand of the case to state court and moved this court to stay proceedings in the state court pending resolution of the petition. This court denied the stay and re-

---

**1.** These motions were still pending before the district court when oral argument was present-

ed before this panel.

ferred all matters in the appeal and in the petition to this hearing panel.

Plaintiffs contend that the order dismissing their claim under § 1983 is not a "final decision" and therefore not appealable under 28 U.S.C. § 1291. They further contend that this court has no jurisdiction to entertain the mandamus petition or that, in any case, this court cannot properly grant mandamus relief under the circumstances presented here.

## I.

### THE DISTRICT COURT'S DECISION

We shall consider first the petition for mandamus ·attacking the propriety of the remand.[2] At the outset, we must clarify the stated grounds for the district court's remand. We find, contrary to the plaintiffs' urgings, that the court's remand was not based on either of two statutory provisions, 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441(c), that authorize remand of cases removed to federal court. Furthermore, we hold that neither of these provisions would authorize a remand in this case.

■ The district court, as noted above, relied not upon statutory authority to remand the case but rather upon a district court's discretion to dismiss state law claims where jurisdiction is solely pendent. Nevertheless, the plaintiffs urge that the court's order was made pursuant to 28 U.S.C. § 1447(c) that authorizes a remand of a case which "was removed improvidently and without jurisdiction." The district court, however, correctly held that it had jurisdiction over the remaining claims under the court's pendent jurisdiction. Nowhere does the court's decision imply that removal was improvidently granted. Therefore, the predicate for a remand under 28 U.S.C. § 1447(c) was never satisfied. Accordingly, we hold that the district court did not, in fact, rely on 28 U.S.C. § 1447(c) and that no grounds exist on appeal for reliance on that provision.

The plaintiffs contend, in the alternative, that the court's authority to remand the case is founded on 28 U.S.C. § 1441(c). This provision states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ We cannot agree with the plaintiffs that the district court, which did not mention § 1441(c) in its order, nevertheless relied on that statutory provision. A finding that the claims are related for purposes of pendent jurisdiction implies that the claims arose from a common nucleus of operative facts. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. In this case, not only do all the claims arise from the alleged reduction in pay, the claims all seek redress for that reduction. Where a plaintiff seeks to recover for a single wrong or injury under various legal theories, the plaintiff is not asserting separate and independent claims under § 1441(c). *American Fire & Casu-*

---

**2.** The finality of the court's order allowing the amendment withdrawing the § 1983 claim for purposes of appeal turns on the propriety of the remand. If for reasons other than the validity of the order allowing the amendment we find that the remand was improper, the order is not final because it can be reviewed on later appeal. On the other hand, some authority suggests that the elimination of the source of federal jurisdic-

tion can be reviewed if the remand is otherwise proper. *See Waco v. United States Fidelity & Guaranty Co.,* 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). Because a reversal of the remand on grounds other than the propriety of the order allowing the amendment would eliminate the need to consider that issue, we begin our discussion by considering the mandamus petition.

*alty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Union Planters Nat'l Bank v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir.1977). Thus, we find that the district court did not—and could not—predicate the remand on 28 U.S.C. § 1441(c).

We must, therefore, accept that the court relied entirely on its perceived discretion under the doctrine of pendent jurisdiction to remand the case.

## II.

### THE REMAND ORDER

#### A. Reviewability

The plaintiffs maintain that review of the district court's decision to remand the case is prohibited by 28 U.S.C. § 1447(d) which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The scope of this provision was examined in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). There, the Supreme Court reversed this court's refusal to consider a remand ordered by a district court in a diversity case on the grounds that its docket was crowded and that the case would be expedited in state court. The Supreme Court held: "[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." *Id.* at 346, 96 S.Ct. at 590. Even an erroneous order is exempted from review by § 1447(d) as long as the order is made pursuant to § 1447(c). *Id.* at 343, 96 S.Ct. at 589. *See also Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

■ Several decisions show that the appeals courts will liberally construe the district court's reasons for a remand in order to find that the court invoked § 1447(c) and

thereby avoid reviewing the challenged order. *See In re Weaver,* 610 F.2d 335 (5th Cir.1980); *Royal v. State Farm Fire & Casualty Co.,* 685 F.2d 124 (5th Cir.1982). *But cf. In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). In the case at bar the district court expressly relied on reasons for a remand other than those specified by statute. The unequivocal command of *Thermtron* is that such an order is subject to review on a petition for the writ of mandamus. Accordingly, we conclude that we are not prohibited by § 1447(d) from reviewing the remand order in this case.

#### B. Propriety of the Remand

Although it is clear beyond peradventure that *Thermtron* permits review of remands ordered on grounds not authorized by statute, there is considerable uncertainty whether that decision also prohibits a district court from remanding a case for non-statutory reasons. There is much strong language in *Thermtron* suggesting that the Court intended to restrict the proper grounds for remand to those stated by statute. The Court concluded that mandamus was proper "to prevent nullification of the removal statute by remand orders resting on grounds having no warrant in the law." 423 U.S. at 353, 96 S.Ct. at 594. The Court also found that the trial court "exceeded its authority in remanding on grounds not permitted by the controlling statute." *Id.* at 345, 96 S.Ct. at 590. In support of this statement, the Court added this footnote:

Lower federal courts have uniformly held that cases properly removed from state to federal court within the court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute. *Romero v. ITE Imperial Corp.,* 332 F.Supp. 523, 526 (D.P. R.1971); *Isbrandtsen Co. v. Dist. 2, Marine Engineers Ben. Ass'n,* 256 F.Supp. 68, 77 (E.D.N.Y.1966); *Davis v. Joyner,*

240 F.Supp. 689, 690 (E.D.N.C.1964); *Vann v. Jackson,* 165 F.Supp. 377, 381 (E.D.N.C.1958).

*Id.* at 345 n. 9. 96 S.Ct. at 590 n. 9.

Several decisions following *Thermtron* have held that a remand may be ordered only on grounds provided by statute. The Seventh Circuit, noting the Court's recognition of a "uniform rule" among the lower courts that a case may not be remanded for discretionary reasons, held that a trial court lacked the authority to remand a case on abstention grounds. *Ryan v. State Bd. of Elections,* 661 F.2d 1130, 1133–34 (7th Cir.1981). The Fifth Circuit, citing the footnote set out above, interpreted *Thermtron* as holding that § 1447(c) "states the *exclusive* grounds for remand." *In re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642, 644 (5th Cir.1978) (emphasis in original). In a subsequent decision, a panel of the Fifth Circuit applied this holding to a case quite similar to the case at bar. In *In re Greyhound Lines, Inc.,* 598 F.2d 883 (5th Cir.1979), the district court remanded a case after the plaintiff obtained a voluntary dismissal of the federal claim that provided the only basis for removal. The trial court noted that "federal court jurisdiction is not ousted when the basis for federal jurisdiction is subsequently removed from the proceedings, [citation omitted], [but] the Court, in its discretion, may remand the non-federal claims to state court." *Id.* at 884. The appeals court held that the district court had no discretion to remand the case and issued a writ of mandamus vacating the remand order. A year later, the Fifth Circuit summarized *Thermtron* as holding "not only that a remand order based on reasons other than that the case was 'removed improvidently and without jurisdiction' is reviewable, but also that such an order is improper." *In re Shell Oil Co.,* 631 F.2d 1156, 1158 (5th Cir.1980).

The Supreme Court's forceful pronouncements in *Thermtron* against remands unauthorized by statute were prompted by the extreme circumstances of that case. The Court held that a case "may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reasons." 423 U.S. at 344, 96 S.Ct. at 589. A critical difference between *Thermtron* and the case at bar, however, is that the court below offered reasons for a remand that would have supported a dismissal without prejudice.

In *United Mine Workers v. Gibbs,* cited by the district court below, the Supreme Court set forth what has become the salient exposition of pendent jurisdiction.

> Its [pendent jurisdiction's] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. [citation omitted] Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726, 86 S.Ct. at 1139. In this case, the district court recognized that the dismissal of the federal claim left only unsettled issues of state law. We believe, following *Gibbs,* that the district court would have been clearly justified in dismissing the case without prejudice, leaving the plaintiffs to pursue their claims in the state forum they now so avidly seek. Instead, the district court remanded the case, giving the plaintiffs immediate access to state court. Therefore, we do not have here a district court that seeks to avoid, on legally insufficient grounds, hearing a case

properly before it. In this instance, the court had uncontroverted authority to refuse to hear the case after the federal claim was dismissed. Thus, we are presented with the narrow question of whether pendent jurisdiction permits the remand of a case that could have properly been dismissed.

The decisions cited in *Thermtron* in support of a uniform rule against discretionary remands deserve close scrutiny. In each case the district court was asked to remand a case that was properly removed and was within the court's jurisdiction. But in each case, the district court could not have dismissed the case because the federal head of jurisdiction had been dismissed. In *Romero v. ITE Imperial Corp.*, 332 F.Supp. 523, 526 (D.P.R.1971), the district court refused to remand a diversity case solely because the plaintiff felt the state court would render an expedited decision. In *Isbrandtsen Co. v. Dist. 2, Marine Engineers Ben. Ass'n*, 256 F.Supp. 68, 77 (E.D.N.Y.1966), the district court concluded that it had jurisdiction over a labor dispute under the Labor Management Relations Act § 301, 29 U.S.C. § 185. The court held: "Having jurisdiction this court, in my view, has no discretionary power to remand in a case such as this which does not call for the application of the doctrine of abstention." In *Davis v. Joyner*, 240 F.Supp. 689 (E.D. N.C.1964) and *Vann v. Jackson*, 165 F.Supp. 377 (E.D.N.C.1958), the plaintiffs challenged determinations by review committees under the Agricultural Adjustment Act. 7 U.S.C. § 1365. The cases were properly removed to district court which refused the plaintiffs' request to remand the cases on the ground that the statute vested concurrent jurisdiction in the state courts. In summary, the above cases stand only for the proposition that the district court has no general discretion to remand cases that are properly before it. These decisions do not address the question of whether a district court, acting under its authority to dismiss pendent state claims

once the federal grounds of jurisdiction are eliminated, may remand the case to state court. Moreover, one of the decisions, *Isbrandtsen Co.*, suggests that a district court has discretionary authority to remand a case under the abstention doctrine.

Decisions before *Thermtron* show that there was, in fact, no uniform rule against discretionary remands following the elimination of the federal basis for removal. In *Watkins v. Grover*, 508 F.2d 920 (9th Cir. 1974), a suit for forcible entry was removed to federal district court pursuant to 28 U.S.C. § 1442(a)(3) because two of the four defendants were federal court officers. After the federal defendants were found immune, the district court incorrectly assumed that it no longer had jurisdiction over the remaining claims and dismissed the case. The Ninth Circuit reversed and directed the district court to decide whether to hear the remaining claims or to remand the case to state court. In *Murphy v. Kodz*, 351 F.2d 163 (9th Cir.1965), an action against a federal official and two private defendants was removed to district court. After a jury verdict for the official, the district court remanded the case. The Ninth Circuit affirmed, finding an implied power to remand.

> [W]e recognize that existence of power to adjudicate a controversy is not always coextensive with the propriety of its exercise. [citations omitted] Where the federal head of jurisdiction has vanished from the case and there has been no substantial commitment of judicial resources to the nonfederal claims it is ... akin to "making the tail wag the dog" for the District Court to retain jurisdiction. [citation omitted] These considerations give rise to a discretion in the District Court to dismiss the complaint and remand the case to State Court.

351 F.2d at 167–68. In *Brough v. United Steelworkers of America*, 437 F.2d 748, 750 (1st Cir.1971), the First Circuit, citing *Murphy v. Kodz*, directed the district court to remand to state court a case comprising only pendent state claims after affirming

summary judgment for the defendant on the only federal question raised by the plaintiff.

If *Thermtron* was intended to eliminate all discretionary, nonstatutory grounds for remands, the decision has not uniformly had that effect. Indeed, the circuits are severely split over the question. As already noted, the Seventh Circuit, in *Ryan v. State Bd. of Elections,* 661 F.2d 1130 (7th Cir.1981) and in *Cook v. Weber,* 698 F.2d 907 (7th Cir.1983) has held that the only permissible grounds for a remand are those expressly provided by statute. This position was also the basis of the Third Circuit's holding in *Levy v. Weissman,* 671 F.2d 766 (3d Cir.1982). There the district court remanded the case because the defendant failed to comply with a local rule. The Third Circuit granted the writ of mandamus and vacated the order, holding that *Thermtron* permitted remands only for reasons specified by statute.

The view that, under *Thermtron,* only statutory authority could support a remand was initially adopted by the Fifth Circuit in *In re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642 (5th Cir.1978), *In re Greyhound Lines, Inc.,* 598 F.2d 883 (5th Cir.1979), and *In re Shell Oil Co.,* 631 F.2d 1156 (5th Cir.1980). A subsequent decision by a panel of that circuit, however, reached a contrary conclusion. In *IMFC Professional v. Latin Am. Home Health,* 676 F.2d 152 (5th Cir.1982), the district court refused to remand a case after a federal agency was dropped as a defendant and only state claims remained. In affirming the lower court's refusal to remand, the panel expressly rejected the view expressed in the earlier decisions by the Fifth Circuit.

*Thermtron* does not hold, however, that there can never be an element of discre-

tion in the remand process. Rather, discretion to remand is not prohibited by § 1447(c) or *Thermtron* if that discretion is based on clearly articulated authority. For instance, § 1441(c), the separate claim removal provision, expressly allows discretionary remand of cases removed under it. [citation omitted] Also, if a case is removed as one within pendent jurisdiction, the discretionary element that inheres in that doctrine allows remand of nonfederal issues. [citation omitted] A third example of a possible source for discretionary remand is the abstention doctrine.

676 F.2d at 159–60. *See also Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1376 n. 6 (5th Cir.1980) (dismissal of foreign state as a defendant authorizes discretionary remand to state court).

Three other circuits have also held that a district court may remand a case to state court once the basis for removal is eliminated. In *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557 (2d Cir.1978), the Second Circuit held that a district court erred in not remanding claims based on unsettled state law once the federal questions in the case were dismissed. In *Hofbauer v. Northwestern Nat. Bank of Rochester,* 700 F.2d 1197 (8th Cir.1983), the Eighth Circuit ordered a district court to remand state negligence claims after the appeals court dismissed the federal claim in the case. *See also Overman v. United States,* 563 F.2d 1287, 1292 (8th Cir.1977) (district court has discretionary power to remand claims against private defendant following dismissal of claims against the United States). In *Fox v. Custis,* 712 F.2d 84 (4th Cir.1983), the Fourth Circuit held that the district court should have remanded state claims to state court once the § 1983 claim, which formed the basis for removal, was dismissed on the merits.[3]

---

**3.** The disagreements among the circuits are reflected in varying positions among the district courts. *Compare Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983) (*Therm-*

*tron* prohibits discretionary remands of pendent state claims after voluntary dismissal of federal claim) *with Zahnow v. Great Lakes Distributing Co.,* 544 F.Supp. 553, 557 (E.D.Mich.1982) (pen-

We are not persuaded by the cases that interpret *Thermtron* as prohibiting discretionary remands of state claims where the basis for federal jurisdiction has been eliminated from the case. Pendent jurisdiction affords clear authority for dismissal of the instant case. This feature, we believe, critically distinguishes this case from *Thermtron.*

We must also consider, quite apart from *Thermtron,* whether a district court is vested with authority to remand pendent state claims once the basis for removal is eliminated from the case. The Seventh Circuit in *Cook v. Weber* reasoned that because removal jurisdiction is founded entirely on statutes which are to be strictly construed so as not to expand the jurisdiction of the federal courts, remand authority also requires a statutory basis that must be strictly construed. 698 F.2d at 909. This reasoning has a certain symmetrical appeal, but we do not find it convincing. To require dismissal without prejudice "because of a lack of statutory authority for remand seems an unduly rigid reading of those statutes that do address the subject of removal directly." *Fox v. Custis,* 712 F.2d at 89 n. 4. The federal courts are courts of limited jurisdiction; this principle and proper respect for state courts demand strict adherence to the statutory basis for removal. These considerations, however, counsel against such a narrow treatment for remands of cases comprising only state questions of unresolved issues.

Other factors weigh against following the rationale of *Cook v. Weber.* The most important consequence of dismissal without prejudice rather than remand is the possible interdiction of the statute of limitations. *See Kaib v. Pennzoil,* 545 F.Supp. 1267 (W.D.Pa.1982). In *Cook v. Weber* the court held that where the district court determines that the statute has run, it should exercise its discretion to retain the case rather than dismiss. 698 F.2d at 909. Recognizing authority to remand, however, would elide this consideration from the lower court's decision and place the determination squarely on the factors outlined in *Gibbs.*[4] Indeed, it would be a most unfortunate result if a federal court was compelled to decide unsettled questions of state law in a case that otherwise could properly be dismissed, simply because the time bar may prevent refiling in state court.

Finally, some of the cases imply that permitting a remand of pendent state claims denies a defendant the protection of the removal statute and encourages manipulative dismissals. In *In re Greyhound Lines, Inc.,* the appeals court held that a district court should have no authority to remand a case where the motion is predicated on a "voluntary tactical dismissal of the federal claims by the plaintiff." 598 F.2d at 884 n. 1. Some courts have suggested that a defendant's "entitlement" to a federal forum survives dismissal of the federal claims that triggered the removal.

A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned.

dent jurisdiction grants discretion to remand). One district court, noting the conflicting views on this issue, declared, "An authoritative clarification would be helpful to district courts." *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566, 581 n. 17 (N.D.Ca.1981).

**4.** It should also be noted that the question whether the claim is barred by a state statute of limitations may itself be a difficult question under state law.

*Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983). Other cases have also recognized a defendant's right to a federal forum that may not be defeated by a dismissal of federal claims. *See Laga v. University of Health Sciences,* 542 F.Supp. 23, 24 (N.D.Ill.1982); *Skinner v. American Oil Co.,* 470 F.Supp. 229, 234 (S.D.Iowa 1979); *Barrett v. McDonald's of Oklahoma City,* 419 F.Supp. 792, 793 (W.D.Okla.1976). *See also* Wright, Miller & Cooper, 14 *Fed. Practice & Pro.: Jurisdiction* § 3722 (1976).

The decision to remand, we believe, should be governed by the same considerations of fairness and judicial economy that temper the dismissal of a case under pendent jurisdiction. The possibility of harmful "jockeying" appears greatest where there has been a not insubstantial commitment of judicial resources in the federal court. Determining when such dilatory tactics have occurred and when the effects of such tactics outweigh considerations of comity, is best left to the sound discretion of the district court. A flat ban against discretionary remands would only limit the flexibility of the district court to meet these conflicting demands.

In conclusion, we hold that the district court was authorized to remand the pendent state claims following the dismissal of the federal basis for removal jurisdiction. In this case, judicial economy and the presentation of unresolved issues of state law strongly support the district court's decision to remand. Therefore, we find that the district court did not abuse its discretion in ordering the remand.

### III.

### APPEAL OF THE DISMISSAL

The defendants have appealed the order allowing the withdrawal of the federal claim, contending that the district court erred in allowing such withdrawal without notice to class members of the dismissal as required by Rule 23(e), Fed.R.Civ.P. The district court ruled that notice was not required because "the cause has not been certified as a class action and may never be since the union is the principal plaintiff." The plaintiffs contend that the order is not a final decision for purposes of appeal under 28 U.S.C. § 1291.

■ Ordinarily, the dismissal of a single claim from a lawsuit comprising several claims is not final for purposes of appeal. Full opportunity for review of the dismissal would be available following the disposition of the remaining claims. *See Azar v. Conley,* 480 F.2d 220 (6th Cir.1973). There is an exception to this rule where the dismissal forms the predicate for a remand to state court. The remand ends further action by the district court, and the federal claim will be eliminated from the state case. Denying finality to the dismissal would insulate the dismissal order from appellate review. In *Waco v. United States Fidelity & Guaranty Co.,* 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), the district court remanded the case to state court following the dismissal of the cross complaint that formed the basis for the removal. The Supreme Court ruled that the dismissal order was a final decision subject to review.

[I]f the District Court was right, the cause could not have been remanded except for the exclusion of the [diverse] party. True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

*Id.* at 143, 55 S.Ct. at 7.

■ Because we have determined that the remand is otherwise valid, the order allowing the withdrawal of the federal claim is a "final decision" under 28 U.S.C.

§ 1291. We do not believe, however, that the defendants have standing to assert the rights of absent members of the plaintiff class whose claims were withdrawn without prejudice but without notice.[5] In *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), the Court set forth general principles regarding standing to appeal by a party that has prevailed on the merits. Generally, only a party aggrieved by a decision may appeal. This rule may be relaxed in certain circumstances where the prevailing party seeks to challenge an adverse ruling collateral to the judgment "so long as that party retains a stake in the appeal satisfying the requirements of Art. III." *Id.* at 334, 100 S.Ct. at 1172.

We cannot discern appellants' stake in the outcome of the appeal that would satisfy the Constitutional demands of standing. The only injury alleged by the defendants is the remand predicated on the order allowing the withdrawal of the federal claim. As noted earlier, whatever interest the defendants may properly claim to a trial in federal court may be adequately protected by the district court's exercise of discretion in remanding the case. It is to this order that the defendants may properly object on grounds of fairness. We refuse to permit the defendants a second challenge to the remand by allowing the defendants to represent the interests of an adverse class. Because the defendants have alleged no injury other than the remand, they have no standing to appeal the order allowing the withdrawal of the federal claim, and "the absent class members must be content to assert their due process rights for themselves, through collateral attack or otherwise." *Zablocki v. Redhail*, 434 U.S. 374, 380 n. 6, 98 S.Ct. 673, 678 n. 6, 54 L.Ed.2d 618 (1980). Accordingly, we dismiss the appeal from the district court's order allowing the withdrawal of the federal claim.

The petition for the writ of mandamus is denied and the appeal from the order allowing withdrawal of the federal claim is dismissed.

---

**5.** The defendants must show standing to appeal this decision in order to establish this court's jurisdiction to hear this appeal. *See* Wright, Miller & Cooper, 15 *Fed.Practice & Pro.: Jurisdiction* § 3902 (1976).