**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The COCA–COLA COMPANY FOODS DIVISION, Respondent.**

No. 81–1546.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 21, 1981.

Decided Feb. 9, 1982.

Elliott Moore, N.L.R.B., Washington, D. C., for petitioner.

O. R. T. Bowden, Hamilton & Bowden, Jacksonville, Fla., for respondent.

Before CUMMINGS, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

We are presented with a question apparently of first impression regarding the power of the National Labor Relations Board to prohibit interference with concerted activities before they materialize.

Richard Geer, a mechanic at one of the respondent's plants, was promoted into a training program to become a roving mechanic, and then was released from the program, unjustly in his view, and returned to his previous job. Although the plant is not unionized, the company has a grievance procedure for its employees and Geer filed a grievance. His foreman decided that the grievance was without merit and the foreman's decision was sustained by the plant manager, Louderback. Geer then wrote a long letter to Louderback's superior, repeating his grievance and adding various accusations against Louderback personally. Louderback, angered by this, summoned Geer to his office. The evidence is conflicting on what was said there, but the administrative law judge believed Geer's version and we accept the ALJ's finding. According to Geer, Louderback abused him in various ways and then said: "If any talk gets around out there on that floor about this grievance and what it pertains and this meeting, I'm coming after you." The ALJ interpreted these remarks, and we accept his interpretation, as forbidding Geer to discuss his grievance with his fellow workers and as threatening retaliation if Geer did so; and such conduct, the ALJ concluded, violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), because it "clearly tend[ed] to interfere with and inhibit employees' free expression of their grievances." The NLRB affirmed the ALJ's decision, initially without an opinion; but later the Board added the following paragraph to its order:

We agree with the Administrative Law Judge's conclusion that the Respondent violated Section 8(a)(1) of the Act by threatening to retaliate against employee Geer if he discussed his grievance with other employees. By such threat, the Respondent restrained and coerced Geer in his Section 7 right to discuss his grievance with other employees for the purpose of seeking their aid and support.

Section 8(a)(1) of the National Labor Relations Act makes it an unfair labor practice to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7 of the Act, 29 U.S.C. § 157, and among these rights is the right of employees to engage in concerted activities for the purpose of mutual aid or protection. We accept the Board's finding that the respondent, through Louderback, interfered with Geer's discussing his griev-

ance with his coworkers; the question is whether the respondent thereby interfered with concerted activity for the purpose of mutual aid or protection.

It is of no moment that the plant was not unionized and that Geer's complaint related to a personal grievance rather than to the general wage level or working conditions at the plant. If Geer had tried to enlist other workers in support of his grievance, he would have been engaged in a concerted activity protected by section 7. See, e.g., *Dreis & Krump Mfg. Co. v. NLRB*, 544 F.2d 320, 326 (7th Cir. 1976). However, the ALJ made no finding that this is what Geer was trying to do or would have tried to do but for Louderback's threats. There was no evidence that Geer intended to discuss his grievance with other workers, let alone seek their aid and support. We thus do not know whether concerted activity protected by section 7 was aborted by Louderback's threats.

But we do not know this only because Louderback launched his preemptive strike. It would be absurd to conclude that if long before there were any stirrings of union activity at a plant the management threatened to shoot anyone who joined a union, section 8(a)(1) would not be violated because no one could prove that concerted activity protected by section 7 would ever have taken place in the absence of the threat. A right can be denied before its exercise is attempted or even contemplated.

*Pelton Casteel, Inc. v. NLRB*, 627 F.2d 23, 28–30 (7th Cir. 1980), a recent decision of this circuit on which the respondent relies, is not in point. That case holds only that there is no section 7 "right to gripe"; that it is not protected concerted activity to complain to one's fellow workers. So if all Geer wanted to do was to gripe to his fellow workers, it would not have been a violation of the Act for the company to forbid him to do so. But it does not follow that by forbidding *all* communication with fellow employees, thereby prohibiting protected concerted activity along with unprotected griping, the company can insulate itself from liability.

Perhaps the distinction is a fine one, for the ALJ missed it. He thought Louderback's threats were bad because they inhibited the free expression of grievances. But *Pelton Casteel* holds that there is no section 7 right to such expression. That is presumably why the Board added the paragraph we have quoted. A fuller discussion might have been expected since the question presented by this case is, surprisingly, one of first impression. But the answer is free from doubt and the Board's order will therefore be

ENFORCED.