Chief Justice Rehnquist, Circuit Justice.
Applicant requests that I stay his imminent criminal trial pending this Court’s disposition of his petition for certiorari. In certain cases, the Ethics in Government Act, 28 U. S. C. §§ 49, 591-598 (1982 ed. and Supp. III), provides for appointment of an independent counsel to investigate alleged impropriety of Government officials. After an investigation by an independent counsel, applicant was indicted for perjury, and is set to be tried on July 13, 1987. In a motion to dismiss, applicant challenged the constitutionality of the Act, claiming that appointment of an independent counsel violates the separation of powers. The District Court denied the motion. *1302 Applicant appealed, and the Court of Appeals for the District of Columbia Circuit dismissed the appeal because the District Court’s order is not a final decision. See 28 U. S. C. § 1291. Applicant has filed a petition for certiorari seeking review of that judgment, and asks that I stay the proceedings below pending disposition of that petition.
The standards for granting a stay pending disposition of a petition for certiorari are well settled. A Circuit Justice is required “ ‘to determine whether four Justices would vote to grant certiorari, to balance the so-called “stay equities,” and to give some consideration as to predicting the final outcome of the case in this Court. ’ ” Heckler v. Redbud Hospital District, 473 U. S. 1308, 1311-1312 (1985) (Rehnquist, J., in chambers), quoting Gregory-Portland Independent School District v. United States, 448 U. S. 1342 (1980).
In my view, there is not a fair prospect that a majority of this Court would find the decision below erroneous. “Congress has limited the jurisdiction of the Courts of Appeals to ‘final-decisions of the district courts.’ 28 U. S. C. § 1291. This Court has long held that the policy of Congress embodied in this statute is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation, and that this policy is at its strongest in the field of criminal law.” United States v. Hollywood Motor Car Co., 458 U. S. 263, 264-265 (1982). It is clear that the District Court’s denial of applicant’s motion to dismiss did not terminate the litigation. Although applicant claims that his challenge to the constitutionality of the Act is sufficiently collateral to fall within the limited exception enumerated in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 (1949), I do not think the exception covers this case. “[I]f [applicant’s] principle were to be applied, questions as to the constitutionality of the statutes authorizing the prosecution and doubtless numerous other questions would fall under such a definition, and the policy against piecemeal appeals in criminal cases would be swallowed by ever-multiplying exceptions.” Hol *1303 lywood Motor Car, supra, at 270. There will be time enough for applicant to present his constitutional claim to the appellate courts if and when he is convicted of the charges against him.
Accordingly, the application for a stay and recall of the-mandate of the Court of Appeals is

Denied.