**UNITED STATES of America**

**v.**

**Easton WHYTE, a/k/a "Larry Whyte".**

**Crim. A. No. 88–0047.**

United States District Court,
E.D. Pennsylvania.

Sept. 9, 1988.

Paul Sarmousakis, Asst. U.S. Atty., for U.S.

Steven A. Morley, Philadelphia, Pa., for Whyte.

John R. Steer, Donald R. Purdy, Jr., U.S. Sentencing Com'n, Washington, D.C.

### MEMORANDUM AND ORDER

KATZ, District Judge.

This case involves the constitutionality of the Sentencing Reform Act and its guidelines.[1]

---

1. Sentencing Commission counsel advised the court at the hearing that 145 courts have reject-ed and 106 courts have upheld the constitutionality of the guidelines.

The defendant, Easton Whyte, was convicted after a jury trial on a three count indictment of violations of 21 U.S.C. § 841 (possession with intent to distribute cocaine base), 18 U.S.C. § 924(c) (using and carrying a firearm during and in relation to a drug trafficking crime), and 18 U.S.C. § 922(g)(1) (possession of a firearm by a previously convicted person).

■ The defendant argues that the Sentencing Reform Act of 1984 (SRA), Pub.L. No. 98–473, tit. II, ch. II, 98 Stat. 1987 (codified as amended at 18 U.S.C. §§ 3551–3742 and 28 U.S.C. §§ 991–998) is unconstitutional, and that the guidelines promulgated thereunder are therefore invalid and do not bind this court.[2] The Sentencing Commission argues that the Act and the guidelines are constitutional. The Commission takes the position that this court should rule on the constitutionality of the guidelines. The government contends, however, that this court should refrain at this time from deciding the constitutionality of the guidelines. If this court does, however, determine the guidelines to be unconstitutional, the government urges that I nevertheless sentence Mr. Whyte under those guidelines.

The Sentencing Reform Act, motivated by the proper purpose of enhancing uniformity of sentences, created the Sentencing Commission. The Commission is charged with the function of "establish[ing] sentencing policies and practices for the federal criminal justice system...." 28 U.S.C. § 991(b). In furtherance of this goal the Commission is directed to "promulgate and distribute to all courts of the United States and to the United States Probation System—(1) guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case, [and] ... (2) general policy statements regarding application of the guidelines." 28 U.S.C. § 994(a). The Commission, located by statute in the judicial branch, is composed of seven voting members and one nonvoting member, appointed by the President, with the advice and consent of the Senate. 28 U.S.C. § 991(a). Of the seven voting members, three must be federal judges selected from a list of six judges recommended by the Judicial Conference of the United States. A member of the Commission may be removed by the President "only for neglect of duty or malfeasance in office or for other good cause shown." 28 U.S.C. § 991(a).

It is this committee, located within the judicial branch, which offends the constitutional notion of separation of powers. *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245, (9th Cir.1988); *United States v. Brown*, 690 F.Supp. 1423, (E.D.Pa.1988); *United States v. Brodie*, 686 F.Supp. 941 (D.D.C.1988). To argue, as the Sentencing Commission does, that the placement of the Commission in the judicial branch is merely symbolic or a "labeling error" is to trivialize the core doctrine of separation of powers. The guidelines must fall because they have no constitutional parent. Neither the legislative, the executive, nor the judicial branch bears the responsibility for the creation of the guidelines. No branch of the government is accountable for their policy decisions. For example, if the guidelines were to provide a sentence of probation, or on

2. The defendant also argues that the mandatory ten year minimum sentence of 21 U.S.C. § 841(b)(1)(A) is inapplicable to him because there was no jury finding that the defendant possessed with intent to deliver in excess of 50 grams of cocaine base. The government, however, seeks the mandatory ten year minimum period of incarceration for Mr. Whyte pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), which provides for an enhanced sentence when a defendant has been convicted of an offense involving 5 grams or more of cocaine containing cocaine base when that defendant has prior qualifying drug convictions, as Mr. Whyte appears to have. During the trial in this case the government and the defense stipulated that the substance at issue was cocaine base having a net weight of 38.6 grams with a strength of 68% cocaine base. While the defendant's argument, therefore, appears to be without merit, it is not necessary for me to decide the issue now. The defendant likewise argues that, assuming that the guidelines are constitutional, the period of incarceration to which Mr. Whyte is subject under those guidelines is violative of the Eighth Amendment as cruel and unusual punishment. Because I find the Sentencing Reform Act and its resulting guidelines to be unconstitutional I need not reach this issue.

the other hand, the death penalty, for this defendant, whom would the citizens of the United States hold responsible and accountable? [3]

The Sentencing Commission argues that placing the Commission in the judicial branch removed it from the dominion of the executive and legislative branches. This is not mere symbolism. This is the constitutional infirmity. The judicial branch has no authority to legislate or execute sentences binding on all judges.

 In my opinion, the prospects are poor that the Supreme Court of the United States will uphold the constitutionality of these guidelines.[4] I decline to sentence the defendant under guidelines which lack constitutional legitimacy. In addition, given the current posture of this issue in the Supreme Court, it is inappropriate for me to sentence Mr. Whyte under the old statutory standards.[5] Since Mr. Whyte is subject to a substantial period of incarceration under either the old statutory standards or the new guidelines, to continue Mr. Whyte's sentencing until after the Supreme Court has decided *United States v. Mistretta* makes the most practical sense, and does not infringe upon the rights of Mr. Whyte. Mr. Whyte is in jail. He will remain in jail until he is sentenced. He has no significant issue on appeal from his conviction except the constitutionality of the sentencing guidelines. An appropriate Order follows.

## ORDER

AND NOW, this 9th day of September, 1988, after a hearing and upon consideration of the memoranda of the parties and of the United States Sentencing Commission, and in accordance with the foregoing Memorandum, it is hereby ORDERED that the sentencing of this defendant is continued until after the decision of the United States Supreme Court in *Mistretta v. United States.*

---

3. Mr. Whyte appears to be subject to a fifteen year minimum sentence or to a maximum penalty of life imprisonment under the old statutory standard, and to a minimum thirty year sentence under the new guidelines, with a maximum penalty of life imprisonment.

4. Upholding judicial appointment and review of removing an independent counsel "... is a function that is well within the traditional power of the judiciary." *Morrison v. Olson,* —— U.S. ——, ——, 108 S.Ct. 2597, 2621, 101 L.Ed.2d 569 (1988). Legislating or executing a nationwide plan for uniform federal sentences is not. On the contrary, it runs against the judicial tradi-

tion of exercising discretion in sentencing. Assessing whether there is a "fair prospect" that the Supreme Court will ultimately rule in favor of constitutionality is an essential element of the decision whether to sentence under the new guidelines. *See Deaver v. United States,* —— U.S. ——, 107 S.Ct. 3177, 97 L.Ed.2d 784 (1987).

5. At the hearing, defense counsel objected to sentencing where the standards were unclear and preferred to defer the sentencing until after the Supreme Court has ruled. Government counsel pointed out that the old statutory standards have been repealed.