Joe LaBUHN, Plaintiff-Appellee,

v.

**BULKMATIC TRANSPORT COMPANY,**
Defendant-Appellant.

No. 86-2664.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 1988.

Decided Dec. 29, 1988.

Lawrence C. DiNardo, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant-appellant.

Paul Alan Levy, Public Citizen Litigation Group, Washington, D.C., for plaintiff-appellee.

Before POSNER and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

POSNER, Circuit Judge.

This lawsuit presents an issue of federal preemption in a tangled procedural setting. We simplify where possible. The suit was originally filed in an Illinois state court in 1986. The plaintiff, Joe LaBuhn, sought compensatory and punitive damages against Bulkmatic Transport Company, which had employed him as a driver of its chemical trucks. The complaint charged that Bulkmatic had violated the common law of Illinois by firing him in retaliation both (1) for complaining (without success) to his supervisors about safety hazards at customers' premises, safety defects in Bulkmatic's trucks, and Bulkmatic's general lack of safety precautions for him and other drivers, and (2) for filing a grievance when he was fired once previously because of his complaints. Cf. *Midgett v. Sackett–Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984). LaBuhn alleged that Bulkmatic's neglect of safety had resulted in his being exposed to dangerous quantities of silicate soda.

He was, as we have noted, fired twice. After the first firing, which took place in February 1985, he filed a grievance under the collective bargaining agreement between the company and the union representing its employees, and the grievance panel ordered him reinstated. A year later he was fired for good; this he contends was in retaliation for filing the grievance after his first discharge, as well as for the complaints about safety that led to that discharge.

Bulkmatic removed LaBuhn's suit to federal district court, on the ground that the suit really arose under section 301 of the Taft–Hartley Act, 29 U.S.C. § 185, and was therefore a federal-question suit (and hence removable under 28 U.S.C. § 1441(b)) despite LaBuhn's attempt to plead it as a state common law suit for wrongful discharge. Bulkmatic then moved to dismiss the suit on the ground that LaBuhn had failed to plead that the union had committed a breach of its duty of fair representation. In the absence of such a breach a worker cannot sue his employer under section 301 but must abide the outcome of whatever procedures the collective bargaining contract establishes for the resolution of disputes under the contract. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983). Bulkmatic argued in the alternative that the suit was preempted by the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.*

The district judge dismissed the suit, 644 F.Supp. 942 (N.D.Ill.1986), after first dividing it into two separate claims: retaliation for filing the grievance after LaBuhn was fired the first time; retaliation for complaining about safety conditions. The first claim, the judge held, was indeed a federal claim, however pleaded, and had indeed to be dismissed for failure to plead a breach of the union's duty of fair representation. Section 301 of the Taft–Hartley Act, which makes collective bargaining contracts judicially enforceable and has been interpreted to make the law applicable to suits to enforce such contracts federal common law, occupies the entire field of disputes over collective bargaining contracts. Anyone who brings such a suit is invoking federal common law whether he knows it or not, and therefore such a suit is within the original jurisdiction of the federal district courts and, if filed in a state court, can be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). However, the judge went on to hold, insofar as LaBuhn was charging that Bulkmatic had retaliated against him for complaining about unsafe working conditions he was

invoking state common law and not seeking to enforce the collective bargaining agreement. This was a genuine state law claim. But since the parties were not of diverse citizenship, it could be maintained in federal court only under the pendent jurisdiction of that court, as a pendent claim to what the judge had recharacterized as a federal claim based on section 301 of the Taft–Hartley Act. Having dismissed the federal claim before trial, the judge followed standard procedure and relinquished jurisdiction over the pendent claim, ordering the entire complaint dismissed without prejudice. See *Carnegie–Mellon University v. Cohill,* —— U.S. ——, 108 S.Ct. 614, 618–19 and n. 7, 98 L.Ed.2d 720 (1988).

He noted, however, that the pendent claim might in any event be precluded. The Supreme Court has held that conduct which may be either protected or prohibited by the National Labor Relations Act is within the exclusive jurisdiction of the Labor Board, and therefore cannot be attacked in a federal or state suit. See *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). One of the allegations of LaBuhn's complaint was that he had "generally complained about the lack of safety precautions to himself *and other drivers* to his immediate supervisor and terminal manager ... and Defendant generally refused to take any steps to correct the problem." The words we have italicized raise the possibility that LaBuhn was fired for exercising his right under section 7 of the National Labor Relations Act, 29 U.S.C. §157, to engage in concerted activity with other workers for mutual aid and protection. But because the district judge believed that the disposition of the case must be the same whether he merely relinquished pendent jurisdiction of the safety-retaliation claim or held that claim to be preempted by *Garmon,* he declined to reach the issue of preemption.

■ Bulkmatic has appealed, arguing that the judge erred in dismissing the suit without prejudice, a disposition that allows LaBuhn to refile the suit in state court. (LaBuhn has not cross-appealed from the district court's dismissal under section 301 of his claim of retaliation for filing a grievance.) Bulkmatic argues that the suit should have been dismissed with prejudice because the whole suit was barred by section 301 or alternatively by the doctrine of the *Garmon* case. While the appeal was pending, the Supreme Court rendered two decisions that bear on its proper disposition. The first, *Lingle v. Norge Division of Magic Chef, Inc.,* —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), held that suits under state tort law for retaliatory discharge are not barred by section 301 even if the worker could have obtained equivalent relief under the grievance procedure established by the collective bargaining agreement, unless resolution of the claim for retaliatory discharge would require interpreting the agreement. The second case, *Carnegie–Mellon University v. Cohill, supra,* held that a district judge need not dismiss pendent state-law claims in a removed suit when the federal claims drop out before trial but can instead remand the pendent claims to the state court. LaBuhn and Bulkmatic filed supplemental briefs addressing the bearing of these decisions. Bulkmatic in its brief abandoned its claim that LaBuhn's state-law claims are barred by section 301 but continued to urge that they are barred by the *Garmon* doctrine. Violations of a collective bargaining agreement are actionable under section 301 even if they involve conduct arguably protected or prohibited by the National Labor Relations Act, see *NLRB v. Great Dane Trailers, Inc.,* 388 U.S. 26, 31 n. 7, 87 S.Ct. 1792, 1796 n. 7, 18 L.Ed.2d 1027 (1967); *William E. Arnold Co. v. Carpenters District Council,* 417 U.S. 12, 16, 94 S.Ct. 2069, 2072, 40 L.Ed.2d 620 (1974), but Bulkmatic's present position is that LaBuhn is not in fact charging a violation of the collective bargaining agreement. LaBuhn in his brief argued that *Cohill* requires that the case be remanded to the state court rather than dismissed.

■ For a prevailing defendant to appeal is unusual but not impermissible. Obviously, you can't appeal from a decision that is *entirely* in your favor. *California v. Rooney,* 483 U.S. 307, 107 S.Ct. 2852, 97 L.Ed.

2d 258 (1987); *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 555 (9th Cir.1986); *Balcom v. Lynn Ladder & Scaffolding Co.,* 806 F.2d 1127 (1st Cir.1986) (per curiam). (Who would want to? Well, someone who desired the greater authority of an appellate decision, or, as in *Rooney,* was troubled by the long-term implications of the court's analysis and feared that he had won a Pyrrhic victory.) But you can appeal from the parts of a generally favorable order that are unfavorable to you—for example, from a refusal, in an order awarding judgment to the named plaintiffs, to certify their suit as a class action. See *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980). There is even authority that a winning party can appeal any adverse finding that might form the basis for a plea of collateral estoppel in a subsequent suit. See *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1345 (9th Cir.1984), and cases cited there. Against this it can be argued that a finding which a party had no incentive (other than fear of collateral estoppel) to appeal, because he won, *has* no collateral estoppel effect. See, e.g., *Balcom v. Lynn Ladder & Scaffolding Co., supra; Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986); Restatement of Judgments (Second) § 27, comment h (1982); see generally 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3902, at pp. 401–06 (1976). Therefore the fear is groundless, the party has not been hurt by the finding, he is not aggrieved, he cannot appeal.

We need not try to unravel this skein, for here the defendant was aggrieved in a practical sense, and that is enough under *Roper* to entitle him to appeal. Bulkmatic wanted a dismissal with prejudice, and didn't get it. The company had practical reasons to want it. It would have terminated the litigation. Instead, the plaintiff remains free to refile his suit in state court. There is no suggestion that such a refiled suit would be time-barred, and little danger that it could be since Illinois has a statute which gives a party kicked out of federal court on jurisdictional grounds a year in which to refile the suit in state court. See

Ill.Rev.Stat. ch. 110, ¶ 13–217. Bulkmatic could of course renew its defense of federal preemption there, but it does not want the additional expense and bother and may anticipate a less hospitable reception for claims of federal preemption in state court than in federal court. It could seek Supreme Court review of a decision rejecting such a claim, but the chances of the Court's granting certiorari would be negligible unless the decision involved a novel and important question.

We conclude that we have jurisdiction of the appeal, and proceed to the merits. As reconfigured by the district judge—and we do not understand either party to be complaining about the reconfiguration—LaBuhn's complaint contains two separate claims, a federal claim under section 301 that Bulkmatic violated the collective bargaining agreement by retaliating against LaBuhn for using the very grievance machinery established by the agreement, and a state tort claim that Bulkmatic discharged LaBuhn wrongfully because its motive in discharging him was to get back at him for his complaints about hazardous working conditions. Having dismissed the federal claim before trial, the district judge followed the usual course and relinquished jurisdiction over the pendent claim. He could, however, have retained the pendent claim. We have held that if the defendant has pleaded a federal defense to the pendent claim, the district judge can retain the claim for purposes of deciding the defense. *Graf v. Elgin, Joliet & Eastern Ry.,* 790 F.2d 1341, 1345–48 (7th Cir.1986). "[I]f . . . the district court can tell at a glance that the defendant has a complete and meritorious federal defense, the court has and can exercise the power to retain pendent jurisdiction, adjudicate the defense, and dismiss the case." *Id.* at 1347. "We see no reason why the district court's discretion cannot sometimes be invoked by defendants, and . . . a pendent claim retained for the purpose of giving it a swift quietus under federal law." *Id.;* see also *Moses v. County of Kenosha,* 826 F.2d 708, 711 (7th Cir. 1987) (per curiam).

So Judge Shadur *could* have done what Bulkmatic is asking us to do in his

place—rule on the defense of *Garmon* preemption. (We do not understand *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir.1988), to suggest otherwise, in holding that a claim of preemption by *Garmon* does not provide a ground for removal.) But he was not required to do so unless his refusal can be described as an abuse of discretion. *United Beverage Co. v. Indiana Alcoholic Beverage Comm'n*, 760 F.2d 155, 160 (7th Cir.1985). For pendent jurisdiction is discretionary. See, e.g., *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon University v. Cohill, supra*, 108 S.Ct. at 618–19; *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 682 (7th Cir.1986). If it were not, it would have too much of the character of the tail wagging the dog. After all, the defining characteristic of a pendent claim is that there is no statutory basis for the exercise of federal jurisdiction over it. The doctrine is one of convenience and judicial economy, and it has seemed best to give the frontline decider—the district judge—the biggest say in deciding whether or not to invoke it.

We cannot say that Judge Shadur abused his discretion in declining to adjudicate Bulkmatic's federal defense, even if we might have decided otherwise in his position. See *Baylis v. Marriott Corp.*, 843 F.2d 658, 664–65 (2d Cir.1988). This is not a case like *Graf* where the correctness of the defense was clear at a glance, so that refusing to decide it in federal court was merely postponing the inevitable. Even in that case we did not suggest that the district judge was *obliged* to retain jurisdiction—we merely upheld his decision to do so; and *Baylis v. Marriott Corp., supra*, had it been decided at the time we decided *Graf*, would have been authority for upholding a contrary decision. The issue of preemption under *Garmon* is an enigma in the present case because of the complaint's brevity. There is no specific allegation that LaBuhn, in complaining about unsafe working conditions, was invoking a right granted him by the collective bargaining agreement between his union and Bulkmatic. If he was invoking such a right, then under the Labor Board's *Interboro* doctrine, which the Supreme Court upheld in *NLRB v. City Disposal Systems, Inc.*, 465 U.S. 822, 104 S.Ct. 1505, 79 L.Ed.2d 839 (1984), his activity was concerted activity protected by section 7 of the National Labor Relations Act even if he wasn't acting on behalf of any other drivers. "[W]hen an employee invokes a right grounded in the collective-bargaining agreement, he does not stand alone. Instead, he brings to bear on his employer the power and resolve of all his fellow employees." *Id.* at 832, 104 S.Ct. at 1511.

Even if LaBuhn was not invoking a right under the collective bargaining agreement, the words "and other drivers" that we quoted earlier from the complaint suggest the possibility of an alternative form of concerted activity. Maybe LaBuhn went to his supervisors as the representative of Bulkmatic's drivers; if so, there would be a powerful argument that he was engaged in concerted activity in a more direct sense than that which informs the *Interboro* doctrine. See, e.g., *NLRB v. Stor–Rite Metal Products, Inc.*, 856 F.2d 957, 961–62 (7th Cir.1988); *NLRB v. Coca–Cola Co.*, 670 F.2d 84 (7th Cir.1982); *JMC Transport, Inc. v. NLRB*, 776 F.2d 612, 617–18 (6th Cir.1985). And if he was so engaged, then his discharge was an interference with protected activity, making the defendant's retaliatory conduct arguably (or more than arguably) prohibited by the Act. But this can hardly be inferred with confidence from the barebones complaint. Nor are we prepared to endorse the suggestion of the District of Columbia Circuit, over a powerful dissent and in the teeth of the contrary view of the Labor Board, that a purely unilateral complaint may be concerted activity within the meaning of section 7. See *Prill v. NLRB*, 755 F.2d 941 (D.C.Cir.1985). On remand, the Board adhered to its position that a worker does not engage in concerted activity unless he acts with the participation or authority of co-workers—and this time the District of Columbia Circuit affirmed. *Prill v. NLRB*, 835 F.2d 1481 (D.C.Cir.1987); see also *Ewing v. NLRB*, 861 F.2d 353 (2d Cir.1988). Certainly this theory is not explicitly advanced in LaBuhn's complaint, and quite possibly all

that he is alleging is that he was fired for complaining (both directly and, later, through filing a grievance), on his own behalf and not on behalf of other workers, about unsafe working conditions. This in itself would not be a claim preempted by Garmon. *See Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863–65 (9th Cir.1987).

Judge Shadur could in these ambiguous circumstances have conducted an evidentiary hearing to assist him in disposing of the *Garmon* defense. But he was not required to do so; we can find no case where such a hearing has been held. He acted within the bounds of his discretion in deciding to relinquish pendent jurisdiction and leave the decision of the preemption defense to the Illinois state courts.

Since Judge Shadur did not abuse his discretion in dismissing the suit without prejudice, we need not consider whether he ought to have remanded the case instead. There would be no practical difference, since the statute of limitations is not a problem in this case. Finally, we remind LaBuhn's appellate counsel, Paul Alan Levy, that although his client has prevailed in this appeal, Levy should not attribute his success to the rudeness that he displayed toward the judges of this court during oral argument.

AFFIRMED.