**David C. DISHER, Plaintiff–Appellee,**

v.

**INFORMATION RESOURCES, INC., et al., Defendants–Appellants.**

No. 88–2187.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1989.

Decided March 29, 1989.

William E. Snyder, Chadwell & Kayser, Ltd., Chicago, Ill., for defendants-appellants.

William E. Rattner, Hopkins & Sutter, Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, and POSNER and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This appeal by the defendants from a judgment dismissing the suit against them without prejudice, reported at 691 F.Supp. 75 (N.D.Ill.1988), requires us to decide issues of appealability and pendent jurisdiction. The plaintiff, David Disher, while employed by the corporate defendant, Information Resources, Inc. (IRI), was permitted to buy stock in the corporation (which at the time was closely held) but required to place the stock in a voting trust controlled by officers of IRI, who are the other defendants. IRI fired Disher in 1983. He tried to get his shares out of the voting trust, but the officers refused to release them, precipitating this suit and a parallel suit in state court, both filed in 1983. In the federal suit Disher sought damages on a variety of federal and state grounds, in the state suit equitable relief on state grounds. The state suit proceeded first, and through it Disher eventually succeeded in getting his shares out of the voting trust and selling them for more than $1 million. He then activated his federal suit, claiming that but for the defendant officers' breach of their fiduciary obligations to him he would have been able to sell the stock earlier, when its market price was higher, and would have made an extra $236,000. The corporate defendant is not involved in these claims, so from now on when we say "defendants" we mean the officers.

The defendants moved for summary judgment. The district judge granted the motion with respect to all of Disher's federal law claims (antitrust, securities fraud, racketeering). This left four pendent state law claims, all charging breaches of fiduciary obligation. Ordinarily the judge would have relinquished jurisdiction over these claims, the federal claims having dropped out before trial. See, e.g., *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 618–19 and n. 7, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966). But because the case had been pending for five years, and because the facts underlying the state law claims were essentially the same as those underlying the federal claims (indeed, one of the state law claims supplied one of the predicate offenses in Disher's RICO claim), the

judge decided to retain jurisdiction. With regard to two of the state law claims, he granted the defendants' motion for summary judgment and dismissed the claims with prejudice. With regard to the other two claims, however—Count IV(iii) and Count IV(iv)—he denied the motion for summary judgment, noting that the central issue raised by the motion had not been briefed adequately and adding that the defendants had failed to demonstrate the absence of a triable issue.

Count IV(iii) charged that the defendants had breached their fiduciary obligation to Disher as a shareholder by improperly refusing to rescind the voting trust after Disher had made a timely demand for rescission. In moving for summary judgment the defendants did not deny they had acted improperly—for this clearly presented a triable issue—but argued that there is no fiduciary obligation to rescind a voting trust and that in any event this trust could not be rescinded, because the state court had ruled the trust void *ab initio*. The district judge disagreed with both points.

Count IV(iv) charged that two of the defendant officers had violated their fiduciary obligation to Disher by amending the voting trust to prevent him from withdrawing his shares as early as he was entitled to. These defendants argued that since the trust had been void from the start it could create no fiduciary duties, and that anyway Disher had incurred no damages since he had sold his shares for $1 million and they had cost him only $18,000. The judge, however, held that these defendants owed Disher fiduciary obligations not merely as trustees of the voting trust but also as officers of the corporation, and that Disher was entitled to the additional profit he would have made had he been able to sell his shares when their value peaked, as he was prevented from doing by the defendants' breach of their fiduciary obligations to him.

When a motion by defendants for summary judgment is denied, ordinarily the next step is the trial (sometimes, further discovery leading to a renewed motion); for the defendants have failed to negate the existence of a triable issue. In this case, however, the district judge decided it would not be "appropriate to retain jurisdiction over Counts IV(iii) and IV(iv) for further proceedings.... Judicial economy was served by resolving all issues—federal and state—in the motion for summary judgment. It will not be further served by retaining jurisdiction over the state law claims. The state court had a trial on the merits of a claim identical to Count IV(iv). The state court was ready and willing to reach the issue of damages, but plaintiff urged that court not to decide damages. On a claim similar to Count IV(iii) the [Illinois] Appellate Court remanded the case for determination of an appropriate remedy.... The state court, having completed trials of this case on the merits, having also conducted hearings on preliminary injunctions, and now having the case on remand, is more familiar with the facts of the case than this court. Moreover, state law claims are more appropriately resolved in state court. Therefore, Counts IV(iii) and IV(iv) are dismissed without prejudice." 691 F.Supp. at 87.

Only the defendants appeal. They do so even though the entire case was dismissed and all but Counts IV(iii) and (iv) dismissed with prejudice. They argue that they were entitled to have those two claims also dismissed with prejudice. The plaintiff, unaware of our recent decision in *LaBuhn v. Bulkmatic Transport Co.*, 865 F.2d 119 (7th Cir.1988), argues that a dismissal without prejudice is not appealable at the behest of a defendant, because it is not an adverse judgment. *LaBuhn* rejected this argument, pointing out that either party can appeal from a judgment not entirely in its favor and that a dismissal without prejudice, by subjecting the defendant to the risk (here, as in *LaBuhn,* the certainty) of further litigation, is not entirely in the defendant's favor any more than a judgment for $1 million would be entirely in favor of a plaintiff who believed he was entitled to a judgment for $1,236,000 (to pick a number at random). See *id.* at 121–22. But it may be helpful to add a few words in elaboration of *LaBuhn.*

The cases are legion which hold that the winner in the trial court cannot appeal just because the court's opinion contains statements adverse to him. See, e.g., *California v. Rooney*, 483 U.S. 307, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987) (per curiam). But that is not the defendants' plaint; it is that the decision below condemns them to additional litigation in state court. No more than in *LaBuhn* need we choose between the view that an adverse finding contained in a favorable judgment may be appealed because it might be used as the basis for collateral estoppel in a subsequent suit, and the view that either such a finding has no collateral estoppel effect because it is not essential to the judgment or that by making it nonappealable we can deprive it of any collateral estoppel effect, since unless it is appealable the defendant was denied an opportunity to contest it fully in the previous litigation. Since the dismissal here was without prejudice, the judge's findings have no possible preclusive effect. The only question is whether the prospect of further litigation confers standing on a winning defendant to appeal from such a dismissal, on the ground that he was entitled to a dismissal with prejudice.

 The leading precedent against allowing appeal from a dismissal without prejudice is *Parr v. United States*, 351 U.S. 513, 516–20, 76 S.Ct. 912, 914–17, 100 L.Ed. 1377 (1956), which holds that the dismissal of an indictment without prejudice is not appealable. The Court implied that the discomfiture and cost of trial on a superseding indictment do not confer finality on such a dismissal, see *id.* at 519–20, 76 S.Ct. at 916–17, but the facts of the case suggest a narrower interpretation. As is common when indictments are dismissed before trial, Parr had been reindicted, making the dismissal of the first indictment, as the Court emphasized, "but an interlocutory step in this prosecution," *id.* at 518, 76 S.Ct. at 916, and thus bringing into play the particularly strong policy against piecemeal appeals in criminal cases, on which see, e.g., *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *Deaver v. United States*, 483 U.S. 1301, 107 S.Ct. 3177, 97 L.Ed.2d 784 (1987)

(Rehnquist, C.J., in chambers). The situation is different where, as in this case, the dismissal without prejudice winds up the litigation in the federal court system. True, the litigation continues in the state courts. But an order that ends litigation in one dispute-resolution system is final and appealable even though it kicks off litigation in another. *University Life Ins. Co. of America v. Unimarc Ltd.*, 699 F.2d 846, 848–50 (7th Cir.1983); *Graphic Communications Union v. Chicago Tribune Co.*, 779 F.2d 13, 14–15 (7th Cir.1985). Read more broadly than this, *Parr* would be inconsistent with Supreme Court decisions that hold that the burden of possible further litigation if the judgment is not modified gives the winning party standing to appeal. See *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). Consistent with *LaBuhn*, we have allowed a dismissal without prejudice to be appealed where the effect of the dismissal was to end the litigation in the federal courts, although the plaintiff could continue the litigation by refiling his pendent claims in state court. See *Cook v. Weber*, 698 F.2d 907, 910 (7th Cir.1983).

 So we have jurisdiction of the appeal, and turn to the question whether the defendants were entitled to a dismissal with prejudice. A dismissal with prejudice means, of course, a dismissal that precludes the plaintiff from bringing a new suit on his claim. The only way the district court could dismiss Disher's suit with prejudice was if the court exercised its pendent jurisdiction, for a court that relinquishes jurisdiction cannot render a judgment that has preclusive effect other than on the merits of its relinquishing jurisdiction. See, e.g., *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1279 (7th Cir.1983). Jurisdiction over a case is power to render a binding judgment in it; if there is no jurisdiction, there is no power. However, we do not want to violate William Blake's dictum that "To Generalize is to be an Idiot. To Particularize is the

Alone Distinction of Merit." So we add that a court without jurisdiction can render a binding judgment on the merits if the judgment is allowed to become final, unless the lack of jurisdiction is so gross that the judgment is deemed void. See, e.g., *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938); *Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir.1976); *Kock v. Government of Virgin Islands*, 811 F.2d 240, 243 (3d Cir.1987); 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4428 (1981). But this qualification is inapplicable to the present case. A dismissal based on the district court's relinquishing its pendent jurisdiction deprives any ruling that he may have made on the merits of a relinquished claim of preclusive effect. *Graf v. Elgin, Joliet & Eastern Ry.*, 790 F.2d 1341, 1347 (7th Cir.1986).

A decision to relinquish pendent jurisdiction before the federal claims have been tried is, as we have said, the norm, not the exception, and such a decision will be reversed only in extraordinary circumstances. *Id.* at 1347; *Huffman v. Hains*, 865 F.2d 920, 924–25 (7th Cir.1989). The defendants argue that this case *is* extraordinary, because the district judge decided to exercise pendent jurisdiction, dismissed two of the four state law claims on the merits, decided the motion for summary judgment on the remaining state law claims as well, and only then decided to relinquish jurisdiction. That was too late, the defendants argue. We do not understand the argument. The judge had a decent reason for deciding to exercise pendent jurisdiction—the case was old, it had bounced around the state courts as well as the federal courts for five years, there is a considerable social interest in writing *finis* to litigation. Indeed the judge was able to dispose of half the pendent claims summarily—and Disher has not appealed from the dismissal of these claims, a dismissal that, since it was with prejudice, ended the litigation of these claims in all courts. The judge also had a decent reason later for deciding to relinquish pendent jurisdiction over the two claims that he concluded could not be resolved by summary judgment. To retain them would in all probability mean a

trial. But parallel claims had already been tried in the state court, which thus was more familiar with the facts; moreover, Disher's state case was still pending in the state trial court, on remand from the Illinois Appellate Court. No time would be saved by retaining the state-law claims in federal court. Indeed, the contrary was true—so relinquishment might have been justified on grounds of parallel-court abstention, cf. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), although that is not an issue we need decide.

Nor would retention have served the convenience of the federal claimant—there *was* no federal claimant any more, Disher's federal claims having been dismissed. Nor did the defendants have *federal* defenses to Disher's state law claims, which is the reason the district judge in *Graf v. Elgin, Joliet & Eastern Ry.*, *supra*, 790 F.2d at 1345–48, had retained the state law claim even though he had dismissed the federal claim before trial. When the district judge in the present case decided to relinquish federal jurisdiction, there was no longer any conceivable federal interest in the case or any argument from judicial economy for retaining jurisdiction despite the lack of such an interest. The judge did not act unreasonably in relinquishing pendent jurisdiction in these circumstances, and that is the test; that is as a practical matter what abuse of discretion means in this setting. Cf. *Bash v. Firstmark Standard Life Ins. Co.*, 861 F.2d 159, 163–64 (7th Cir.1988); *United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir.1989); *River Road Alliance, Inc. v. Corps of Engineers*, 764 F.2d 445, 449 (7th Cir.1985).

The final string on the defendants' bow is the argument that an error of law is an abuse of discretion and that the judge erred in denying their motion for summary judgment on Counts IV(iii) and IV(iv). Had he not erred, he would have dismissed these claims with prejudice just as he dismissed the other state law claims with prejudice. A more direct route to the defendants' conclusion would be to argue that an

appeal from the final order in a lawsuit brings up previous orders for appellate review, such as the order denying summary judgment on these claims. *EEOC v. Sears, Roebuck & Co.,* 839 F.2d 302, 353 n. 55 (7th Cir.1988); *Bash v. Firstmark Standard Life Ins. Co., supra,* 861 F.2d at 162. Neither approach fits this case, however. Had the judge relinquished jurisdiction over these two claims without ruling on the motion for summary judgment, there would have been no ground for challenging his decision. Instead he decided (sensibly in the circumstances) to take a quick look at the merits and see whether the case could perhaps be wound up then and there, without need for factual development more appropriately conducted in the state court. He decided it could not be wound up then and there—one reason being, as he pointed out, that the central issue had not been adequately briefed by either side. 691 F.Supp. at 85. The judge's view of the merits thus was tentative, and unless the view could be said to be grossly and palpably in error—which it cannot be—appellate review of its merits at this stage would not promote judicial economy. We are reluctant to opine unnecessarily on questions of state law. The district judge had ample reason for relinquishing jurisdiction of these pendent claims and the fact that he ventured some tentative views on their merits does not warrant our thwarting his intention to send these claims back to the state court, as we would be doing if we decided their merits.

Our reluctance to decide issues of state law unnecessarily, and the broad power that district judges have to relinquish pendent jurisdiction, may seem to make the right to appeal a dismissal without prejudice of a suit containing pendent claims an empty one. The appellant's struggle for reversal in such a case is indeed an uphill one, but we can think of cases where he might succeed. If the pendent claims were subject to a dispositive federal defense that the defendant had duly pleaded, and the judge agreed that it was a good defense but nevertheless dismissed the suit without prejudice, the defendant would have a strong argument that the judge had abused

his discretion. Decisions to relinquish pendent jurisdiction are occasionally reversed. See, e.g., *Duckworth v. Franzen,* 780 F.2d 645, 656–57 (7th Cir.1985). This is not an appropriate case, however.

The dismissal without prejudice is AFFIRMED.