909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny Lee GREGORY, Plaintiff-Appellant,
v.
Michael R. HARTMAN, Defendant-Appellee.
 No. 88-3169.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1989.*
Decided Aug. 3, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnny Lee Gregory filed a pro se civil rights complaint pursuant to 42 U.S.C. Sec. 1983, alleging that Michael Hartman, his first court-appointed attorney in a state criminal case, denied him effective assistance of counsel and conspired with others (including the presiding judge at his criminal trial and a police officer) to deny him a fair trial.
 
 
 2
 Hartman moved the court to dismiss Gregory's complaint because Gregory failed to allege facts sufficient to establish the court's jurisdiction and failed to state a claim upon which relief could be granted. The district court (Sharp, C.J.) dismissed Gregory's "cause" without prejudice, but did not cite a federal rule of civil procedure. We affirm the dismissal.
 
 I.
 
 3
 We first raise, sua sponte, the issue of whether the district court's dismissal was a final, appealable order conferring jurisdiction under 28 U.S.C. Sec. 1291. Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 384 (7th Cir.1988) (the appellate court must independently determine whether it has subject matter jurisdiction). We permit the appeal of a dismissal without prejudice "where the effect of the dismissal was to end the litigation in federal courts...." Disher v. Information Services, Inc., 873 F.2d 136, 139 (7th Cir.1989) (citation omitted). That test is met in the instant case. In his order, Judge Sharp stated that his dismissal was "not meant to reflect in any way on any legitimate state law claims" that Gregory may have had.[1] Moreover, the court entered a separate judgment pursuant to Fed.R.Civ.P. 58. See Smith-Bey v. Hospital Administrator, 841 F.2d 751, 755 (7th Cir.1988) ("[t]o constitute a final judgment under Fed.R.Civ.P. 58, the judgment must be entered on a separate document and must terminate the litigation"). We conclude that we have jurisdiction to hear Gregory's appeal.
 
 II.
 
 4
 In reviewing the dismissal of a complaint, we must accept the veracity of the litigant's allegations and any reasonable inferences drawn from them. Infinity Broadcasting Corporation of Illinois v. Prudential Insurance Company of America, 869 F.2d 1073, 1075 (7th Cir.1989). Further, because Gregory appeared pro se, we liberally construe his complaint. Jamison-Bey v. Thieret, 867 F.2d 1046, 1047 (7th Cir.1989).
 
 
 5
 Gregory claimed that Hartman denied his sixth amendment right to counsel by: 1) failing to provide an adequate defense; 2) neglecting legal matters; 3) violating the code of professional responsibility; and 4) failing properly to carry out his employment. To establish a section 1983 claim, Gregory had to prove that Hartman, acting under color of state law, deprived him of a constitutional or federal statutory right. See Donald v. Polk County, 836 F.2d 376, 379 (7th Cir.1988). Hartman was not a public defender, but an attorney in private practice appointed by the court to represent Gregory. In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that state public defenders did not act under color of state law when they represented indigent clients. The high court emphasized the inherently private nature of an attorney-client relationship and the attorney's role in litigation. Polk County, 454 U.S. at 319. Because the Court found that public defenders did not act under color of state law, the complaint was dismissed. Id. at 325. Clearly, then, the district court did not err in finding that Hartman, a private attorney, did not act under color of state law to deprive Gregory of his right to counsel. Dismissal of this claim was therefore proper.
 
 
 6
 In his amended complaint, Gregory added that Hartman, "in conjunction with the presiding judge, various prosecuting officials, and certain police officials conspired to deprive [him] of a fair and impartial trial." Gregory's second claim also fails. Gregory's unsupported allegation that there was a conspiracy among Hartman and various public officials is actually a legal conclusion. To prove a civil conspiracy, Gregory "must show (1) an express or implied agreement among [the parties] to deprive [Gregory] of his ... constitutional rights and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.1988). Gregory alleged no overt acts and did not state how his right to due process was purportedly abridged. Dismissal was therefore proper.
 
 
 7
 For the foregoing reasons, the decision of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 See, e.g., Ferri v. Ackerman, 444 U.S. 193 (1979) (an attorney appointed by a federal judge to defend an indigent client is not, as a matter of federal law, entitled to absolute immunity from a state malpractice suit)