979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Micah ORIEDO, Plaintiff-Appellant,
v.
Katherine KNUDSON, et al., Defendants-Appellees.
 No. 91-2970.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Nov. 20, 1992.
Rehearing Denied Dec. 15, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 Order
 
 1
 The district court's opinion gives the background of this employment discrimination case. Plaintiff Micah Oriedo contends on appeal that "[t]he District Court should have weighed the merits of the case against procedural technicalities." The "technicality" in question is that Oriedo never filed a charge of discrimination with the EEOC. Oriedo may view a charge as a "technicality," but Congress made a charge essential. No charge means no suit under Title VII of the Civil Rights Act of 1964. Lateness sometimes is excusable; omission never is. Bullard v. Sercon Corp., 846 F.2d 463, 467 (7th Cir.1988).
 
 
 2
 Oriedo's remaining arguments under 42 U.S.C. §§ 1981 and 1985 disregard Patterson v. McLean Credit Union, 491 U.S. 164 (1989). He wanted, but did not receive, a promotion within Wisconsin's civil service system. The district judge, relying on Patterson, held that Oriedo had not stated a prima facie claim of discrimination. Oriedo does not mention Patterson, and he has therefore provided no reason for us to disagree with the district judge's conclusion. See also Luddington v. Indiana Bell Telephone Co., 966 F.2d 225 (7th Cir.1992).
 
 
 3
 Oriedo's only remaining contention is that the district court should have resolved his claims under state law. Whether to retain state claims, after deciding all federal ones, is committed to the discretion of the district judge. Disher v. Information Resources, Inc., 873 F.2d 136, 140 (7th Cir.1989). The district judge did not abuse her discretion in sending Oriedo to state court for an adjudication of state-law claims.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. After considering that statement, we conclude that oral argument is unnecessary, so the appeal is submitted for decision on the briefs and record