UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40385
_____


ROBERT LEE BASSINGTHWAIGHTE,

                                        Plaintiff/Appellee,

versus

McDERMOTT INTERNATIONAL, INC. AND
McDERMOTT INCORPORATED,

                                        Defendants/Appellants.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:90-CV-263)
_____

October 17, 1996

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        This appeal arises from a dispute with which this court

has become intimately familiar.  Appellant Bassingthwaighte seeks

damages from McDermott International, Inc. ("McDermott, Int'l") and

McDermott, Inc. ("McDermott, Inc.") for personal injuries he

suffered nearly a decade ago while residing in Scotland and working

_____

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

as a diver off Great Yarmouth in the North Sea. At first glance, the fact that this straightforward claim for personal injuries has commanded the attention of this court in several previous occasions before ever going to trial is mysterious. Under more careful scrutiny, its longevity in the federal courts is the product of forum shopping by the plaintiff's attorney and of an unfortunate series of orders by the district court that indulged the shopping. Resolving to deter these tactics, this court affirms the district court's dismissal of McDermott, Int'l for want of personal jurisdiction rather than for forum non conveniens. We must, however dismiss McDermott, Inc. as an appellant for lack of standing but note that this action deprives the district court's choice of law ruling of any preclusive effect.

## BACKGROUND

A brief reiteration of the crucial procedural jockeying in this case will suffice.[1]

McDermott, Int'l and McDermott, Inc. are affiliated companies. McDermott, Int'l is chartered in Panama, but has its executive offices in New Orleans, Louisiana. McDermott, Int'l conducts no business in Texas, has no agent or employee conducting business in Texas, and owns no property in that state. McDermott,

---

[1] See this court's prior opinions on this matter for further details. *See, e.g., Bassingthwaighte v. McDermott, Int'l*, No. 92-4099 (5th Cir. 1992); *In re McDermott, Int'l & McDermott, Inc.*, No. 94-40369 (5th Cir. 1994).

**2**

Inc., is a Delaware corporation whose principal place of business is New Orleans.

McDermott, Int'l employed Bassingthwaighte, an American citizen, as a deep sea diver. After his 1987 employment-related injury, Bassingthwaighte first sought redress in Scottish courts, where he filed suit in 1989. When he moved back to the States, he ended up in Beaumont, Texas. Dismissing the action pending in Scotland, he then filed suit against McDermott, Int'l in the United States District Court for the Eastern District of Texas. He later amended this suit to add McDermott, Inc. as a defendant.[2] He has filed two more law suits over the injury.

Much to its consternation, McDermott, Inc., has remained a defendant throughout this litigation, although it has no relation to the events sued upon. According to its affidavits, McDermott, Inc. has never offered employment to Bassingthwaighte, or executed any contract with him, or agreed to have Bassingthwaighte perform any services whatsoever on any vessels owned or operated by McDermott, Inc. But such seamy details are merely substantive, and hardly discouraged Bassingthwaighte's pursuit of McDermott, Inc.

Moving directly to the most recent orders issued by the district court, the McDermott parties challenge the court's decision to dismiss them for forum non conveniens.

---

[2] Bassingthwaighte has since filed virtually identical suits in Texas state court in Beaumont against both McDermott defendants and, recently, in state court in Louisiana against, McDermott, Int'l alone.

## DISCUSSION

### A.  McDermott, Int'l

Exactly five years after the federal lawsuit was filed by Bassingthwaighte against McDermott, Int'l in the Eastern District of Texas, that court suddenly concluded, contrary to an earlier ruling, that it was not a convenient forum for this litigation after all, and on that basis dismissed McDermott Int'l.[3] While one might expect McDermott, Int'l to be pleased at this result, the company is dismayed, confronted with the prospect that it will now be forced to litigate in the pending Texas state court suit.[4]

But the district court's dismissal of McDermott, Int'l for forum non conveniens necessarily assumes that the court exercises personal jurisdiction over McDermott, Int'l.  As this court has explained, "[i]n the normal case, therefore, the District Court must first determine that it possesses both subject matter and in personam jurisdiction before it resolves a forum non conveniens motion.  This is so because forum non conveniens is a doctrine which permits a court to decline to exercise jurisdiction

---

[3]     The initial complaint was filed in the district court on April 12, 1990 and the court granted the dismissal for forum non conveniens on April 12, 1995.
        Strangely, although the district court concluded that it was not a convenient forum for this litigation, the court simultaneously reversed its prior decision that Scottish law governed the dispute and held instead that American law applied to certain aspects of Bassingthwaighte's injury in the North Sea.

[4]     Indeed, it is precisely this prospect of relitigation in Texas state court that aggrieves McDermott, Int'l.  Accordingly, Bassingthwaighte's argument that this appeal should be dismissed because McDermott, Int'l cannot appeal a "favorable" ruling is meritless.

already properly vested." *Syndicate 420 at Lloyd's London v. Early American Insurance Co.,* 796 F.2d 821, 826 n.8 (5th Cir. 1986). Likewise, the Supreme Court has instructed that "the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S. Ct. 839, 841 (1947).

In the instant case, the district court did not have personal jurisdiction over McDermott, Int'l and, as a result, was powerless to dismiss McDermott, Int'l for forum non conveniens. This conclusion is inescapable, given our recent decision in *Cooper v. McDermott, Int'l,* No. 93-2907 (5th Cir. 1995), that there is no in personam jurisdiction over McDermott, Int'l in Texas.[5] *Cooper* concluded that "[w]hen considered as a whole, the limited contacts [McDermott] International had with Texas are less substantial than those enumerated in *Helicopteros,* which the Supreme Court held to be insufficient to satisfy due process." *Id.* at 13 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 409, 412-13, 104 S. Ct. 1868, 1874 (1984)). The ink has barely dried on *Cooper;* as McDermott, Int'l has done nothing since *Cooper* to subject it to personal jurisdiction in Texas courts, the district court's dismissal of McDermott, Int'l for forum non conveniens must

---

[5] Bassingthwaighte's counsel conceded at oral argument that McDermott, Int'l has had no additional contacts with Texas since this court decided *Cooper.*

be reversed and dismissal rendered instead for want of personal jurisdiction.

**B.     McDermott, Inc.**

Since Bassingthwaighte amended his suit in May of 1990 to add McDermott, Inc. as a defendant, McDermott, Inc. has had to litigate a claim for personal injuries that does not implicate or involve it in any way.  Hence, like McDermott, Int'l, McDermott, Inc. does not relish the district court's order dismissing it for forum non conveniens, as this order will allow Bassingthwaighte to pursue identical suits now pending in other courts.  If the history of this litigation is instructive, McDermott, Inc. has reason to fear that it will be sending lawyers to courts in Texas and Louisiana to defend against the claim that it is somehow liable as an "employer" for injuries sustained by someone it simply never employed.[6]

McDermott, Inc.'s motion for summary judgment, filed in the district court in January 1993, stressed the facts refuting any possible theory of liability.  After this summary judgment motion was filed, this court ordered the district court in a previous appeal "to rule upon _all_ of the remaining motions now reinstated in

---

[6]     As he had to, Bassingthwaighte's counsel conceded at oral argument that the only claims asserted against McDermott, Inc. seek recovery for its negligence as Bassingthwaighte's employer.  Counsel also conceded that McDermott, Inc. is not and never has been Bassingthwaighte's employer.  Put bluntly, counsel openly acknowledged that Bassingthwaighte has no plausible theory under which McDermott, Inc. could be held liable for Bassingthwaighte's injuries.

**6**

the remanded action." *In re McDermott Int'l & McDermott, Inc.,* No. 94-40369 (5th Cir. 1994) (emphasis added).  The district court then dismissed McDermott, Inc. for forum non conveniens without ruling on McDermott, Inc.'s motion for summary judgment.

Because the district court had in personam jurisdiction over McDermott, Inc., it had the authority to dismiss McDermott, Inc. for forum non conveniens.  Further, read in context of our opinion on the earlier appeal, the district court's decision to rule on forum non conveniens rather than the summary judgment motion was a permissible interpretation of our mandate.

The question then arises whether McDermott, Inc. is a "party aggrieved" by the dismissal so as to permit it to appeal. McDermott, Inc. cited no authority directly on point, and we have found none, suggesting that we should review on appeal an entirely different issue, *i.e.* the summary judgment merits of the plaintiff's case, than the issue which formed the basis of the trial court's decision.  By contrast, in two cases which did authorize appeal from "favorable" rulings by district courts, the appellate court was asked to decide simply whether dismissal should have been with prejudice rather than without.  *See Disher v. Information Resources, Inc.*, 873 F.2d 136, 139 (7th Cir. 1989); *La Buhn v. Bulkmatic Transport Co.*, 865 F.2d 119, 121 (7th Cir. 1988). Moreover, although it may regret the decision, McDermott, Inc. asked for dismissal for forum non conveniens, so it is in a weak

position now to complain of getting its motion granted. *Compare Disher, LaBuhn, supra*.

Nevertheless, the company observes that it has been disadvantaged by the district court's turnabout decision that American law applied regarding the employment contract and Jones Act, if that ruling has binding effect in future litigation. We note that it does not. Because McDermott, Inc. lacked standing to appeal the favorable *forum non conveniens* ruling, the trial court's choice of law determination has no possible collateral estoppel effect against McDermott, Inc. *See In re: DES Litigation*, 7 F.2d 20 (2d Cir. 1992). Thus, McDermott, Inc.'s appeal must be dismissed, but plaintiff may not rely on the district court's curious choice of law ruling if he dares to continue litigating this case.

## CONCLUSION

For the foregoing reasons, this court AFFIRMS the district court's dismissal of McDermott, Int'l on the alternate basis of a lack of personal jurisdiction in Texas. We DISMISS the appeal of McDermott, Inc.

**AFFIRMED** in part as **MODIFIED**; appeal **DISMISSED** in part.